UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| JINKO SOLAR IMPORT AND EXPORT CO., LTD.; JINKO SOLAR CO., LTD.; JINKOSOLAR TECHNOLOGY (HAINING) CO., LTD.; YUHUAN JINKO SOLAR CO., LTD.; ZHEJIANG JINKO SOLAR CO., LTD.; JIANGSU JINKO TIANSHENG SOLAR CO., LTD.; JINKOSOLAR (CHUZHOU) CO., LTD.; JINKOSOLAR (YIWU) CO., LTD.; and JINKOSOLAR (SHANGRAO) CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | COMPLAINT <br><br> Court No. 22-00219 |

## COMPLAINT

Plaintiffs Jinko Solar Import and Export Co. Ltd., Jinko Solar Co., Ltd., Jinkosolar Technology (Haining) Co., Ltd., Yuhuan Jinko Solar Co., Ltd., Zhejiang Jinko Solar Co., Ltd., Jiangsu Jinko Tiansheng Solar Co., Ltd., Jinkosolar (Chuzhou) Co., Ltd., Jinkosolar (Yiwu) Co., Ltd., and Jinkosolar (Shangrao) Co., Ltd. (collectively, "Jinko"), by and through undersigned counsel, hereby allege and state as follows.

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Jinko seeks review of the final results of the U.S. Department of Commerce, International Trade Administration (the "Department"), decision in the eighth administrative review ("AR8") of the antidumping duty ("ADD") order on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules ("Solar Cells") from the People's Republic of China ("China") covering the period December 1, 2019, to November 30, 2020, published as *Crystalline Silicon*

*Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2019-2020*, 87 Fed. Reg. 38,379 (June 28, 2022) ("*Final Results*"), as amended by *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Amended Final Results of Antidumping Duty Administrative Review, 2019-2020*, 87 Fed. Reg. 48,621 (Aug. 10, 2022) ("*Amended Final Results*").

2. The challenged determinations, findings, and conclusions are set out primarily in the Department's "Issues and Decision Memorandum" (June 21, 2022) and "Final Surrogate Value Memorandum" (June 21, 2022) accompanying the *Final Results*.

## JURISDICTION

3. This action is filed pursuant to 19 U.S.C. §§1516a(a)(2)(A)(i) and 1516a(a)(2)(B)(iii) to contest the *Final Results /Amended Final Results* issued by the Department in AR8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFFS

4. Jinko is a producer/exporter of Solar Cells from China that was selected as a mandatory respondent in AR8. Jinko participated in the Department's proceeding that resulted in the challenged determination and is subject to the *Final Results*/*Amended Final Results*. Therefore, Jinko is an interested party as described in 19 U.S.C. § 1677(9)(A) and has standing to bring this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF THE ACTION

5. Parties to actions challenging Department determinations pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii) regarding administrative reviews, must file the summons within 30 days of

the date of publication in the Federal Register of the final results. 19 U.S.C. § 1516a(a)(2)(A)(i). The Department published the *Final Results* on June 28, 2022.

6.      This action was timely commenced within 30 days of the date of publication of the *Final Results*, by the filing of a Summons on July 27, 2022. This Complaint is timely filed within 30 days of the filing of Jinko's Summons. Therefore, both the Summons and the Complaint have been timely filed in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c) and pursuant to Rules 3(a)(2) and 6(a) of the Rules of this Court.

## BACKGROUND

7.      The Department issued the ADD order on Solar Cells from China on December 7, 2012. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules from the People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value, and Antidumping Duty Order,* 77 Fed. Reg. 73,018 (Dec. 7, 2012).

8.      On February 4, 2021, the Department initiated AR8 with respect to a number of companies, including Jinko. *Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 86 Fed. Reg. 8166, 8168-69 (June 8, 2020).

9.      In AR8, the Department individually examined the sales of Jinko, which participated by providing the Department with responses to questionnaires and various factual information and argument concerning the review. By its determination published on December 23, 2021, the Department preliminarily assigned Jinko an ADD rate of 32.69%. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review, Partial Rescission of Antidumping Administrative Review, and Preliminary Determination of No Shipments; 2019– 2020,* 86 Fed. Reg. 72,923, 72,925 (Dec. 23, 2021) ("*Preliminary Results*").

10. In the *Preliminary Results*, the Department selected Malaysia as the primary surrogate market economy country for China, from which the surrogate values of the mandatory respondents' factors of production ("FOP") were obtained to calculate normal value. Decision Memorandum for the Preliminary Results (Dec. 16, 2021), at 16-19, 23-28.

11. Throughout AR8, Jinko placed surrogate value information on the record for the Department's use in valuing FOPs and calculating surrogate financial ratios. On January 31, 2022, Jinko filed an administrative case brief requesting that the Department in its final determination use particular surrogate value data to value FOPs, including solar glass, M_Weldingwire, P_C_Spongecover, P_M_Wooden_Board and P_M_Lift_Stand, electricity, steam, and ocean freight. Jinko's administrative case brief further challenged the Department's preliminary determinations to: (1) calculate surrogate financial ratios using the financial statements from only JA Solar (Malaysia) SDN ("JA Solar"); (2) reject Jinko's original case brief filed on May 25, 2022, on the basis that it contained untimely filed new factual information; and (3) deduct Section 301 duties paid by the Importer of Record ("IOR") upon entry from its U.S. price calculations.

12. On May 25, 2022, the Department rejected Jinko's case brief on the basis that it included untimely new factual information. Jinko filed a request for reconsideration on May 26, 2022, and resubmitted its case brief with redactions required by the Department on May 27, 2022.

13. On June 28, 2022, the Department published its AR8 *Final Results*, rejecting some of the arguments advanced by Jinko with respect to surrogate valuation. As a result of the changes to the *Preliminary Results*, the Department in its *Final Results* assigned Jinko an ADD rate of 15.71%. *Final Results*, 86 Fed. Reg. at 38,380.

14. On August 10, 2022, in response to a ministerial allegation, the Department issued its Amended Final Results in which Jinko was assigned an ADD rate of 20.99%. *Amended Final Results*, 87 Fed. Reg. at 48,621.

## STATEMENT OF CLAIMS

### COUNT ONE

15. Paragraphs 1 to 14 are adopted, incorporated and re-alleged here by reference.

16. The Department's decision to value solar glass using Romanian Harmonized Tariff Schedule ("HTS") 7007.1980 was not supported by substantial evidence and was otherwise not in accordance with law.

### COUNT TWO

17. Paragraphs 1 to 14, and 16 are adopted, incorporated and re-alleged here by reference.

18. The Department's decision to value Jinko's M_Weldingwire using Malaysian HTS 8311.30.9100 was not supported by substantial evidence and was otherwise not in accordance with law.

### COUNT THREE

19. Paragraphs 1 to 14, 16, and 18 are adopted, incorporated and re-alleged here by reference.

20. The Department's decision to value Jinko's P_C_Spongecover using HTS 3923.50 was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT FOUR

21. Paragraphs 1 to 14, 16, 18, and 20 are adopted, incorporated and re-alleged here by reference.

22. The Department's decision to value Jinko's P_M_Wooden_Board and P_M_Lift_Stand using HTS 4415.20 was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT FIVE

23. Paragraphs 1 to 14, 16, 18, 20, and 22 are adopted, incorporated and re-alleged here by reference.

24. The Department's decision to value electricity using only peak hour rates reported from the peninsular Malaysia region was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT SIX

25. Paragraphs 1 to 14, 16, 18, 20, 22, and 24 are adopted, incorporated, and re-alleged here by reference.

26. The Department's decision to value steam using HTS 2711.11 was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT SEVEN

27. Paragraphs 1 to 14, 16, 18, 20, 22, 24, and 26 are adopted, incorporated, and re-alleged here by reference.

28. The Department's decision to value air freight using Freightos data was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT EIGHT

29. Paragraphs 1 to 14, 16, 18, 20, 22, 24, 26, and 28 are adopted, incorporated, and re-alleged here by reference.

30. The Department's decision to value ocean freight using an average of Maersk and Descartes data was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT NINE

31. Paragraphs 1 to 14, 16, 18, 20, 22, 24, 26, 28, and 30 are adopted, incorporated, and re-alleged here by reference.

32. The Department's decision to calculate surrogate financial ratios using only financial statements from JA Solar was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT TEN

33. Paragraphs 1 to 14, 16, 18, 20, 22, 24, 26, 28, 30, and 32 are adopted, incorporated, and re-alleged here by reference.

34. The Department's rejection of Jinko's case brief on May 25, 2022 on the basis that it contained untimely filed new factual information was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT ELEVEN

35. Paragraphs 1 to 14, 16, 18, 20, 22, 24, 26, 28, 30, 32, and 34 are adopted, incorporated, and re-alleged here by reference.

36. The Department's deduction of Section 301 duties paid by the IOR upon entry from its U.S. price calculations was not supported by substantial evidence and was otherwise not in accordance with law.

## **PRAYER FOR RELIEF**

WHEREFORE, Jinko requests that this Court:

(a) hold that the Department's *Final Results/Amended Final Results* are unsupported by substantial evidence and are otherwise not in accordance with law;

(b) remand the *Final Results/Amended Final Results* with instructions to issue a new determination consistent with this Court's decision; and

(c) provide such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Ned H. Marshak
Ned H. Marshak
Dharmendra N. Choudhary
Jordan C. Kahn

GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP
1201 New York Ave., NW, Ste. 650
Washington, DC 20005
(202) 783-6881

*Counsel to Plaintiffs Jinko Solar Import and Export Co. Ltd., Jinko Solar Co., Ltd., Jinkosolar Technology (Haining) Co., Ltd., Yuhuan Jinko Solar Co., Ltd., Zhejiang Jinko Solar Co., Ltd., Jiangsu Jinko Tiansheng Solar Co., Ltd., Jinkosolar (Chuzhou) Co., Ltd., Jinkosolar (Yiwu) Co., Ltd., and Jinkosolar (Shangrao) Co., Ltd.*

Dated:  August 26, 2022

# CERTIFICATE OF SERVICE

Pursuant to Rule 3(f) of the Rules of the Court of International Trade, I certify that on August 26, 2022, a copy of the foregoing Complaint was served upon the following individuals and notified all the interested parties who were a party to the proceeding below, by certified mail, return receipt requested:

**UPON THE UNITED STATES**
Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
**U.S. Department of Justice**
26 Federal Plaza
New York, New York 10278

Director, Civil Division
Commercial Litigation Branch
**U.S. Department of Justice**
1100 L Street, NW
Washington, DC 20530

**UPON THE U.S. DEPARTMENT OF COMMERCE**
General Counsel
**U.S. Department of Commerce**
14th Street & Constitution Avenue, NW
Washington, DC 20230

Evangeline Keenan
Director, APO/Dockets Unit
**U.S. Department of Commerce**
14th Street & Constitution Avenue, NW
Room 18022
Washington, DC 20230

**On Behalf of Shenzhen Sungold Solar Co., Ltd. and Wuxi Tianran Photovoltaic Co., Ltd.**
William E. Perry, Esq.
**Harris Bricken Sliwoski, LLP**
600 Stewart Street, Suite 1200
Seattle, WA 98101

**On Behalf of BYD (Shangluo) Industrial Co., Ltd., Shanghai BYD Co., Ltd., Canadian Solar International Limited, Canadian Solar Manufacturing (Changshu) Inc., Canadian Solar Manufacturing (Luoyang) Inc., CSI Cells Co., Ltd., CSI Solar Power Group Co., Ltd., and CSI Manufacturing (FuNing) Co., Ltd.**
Jonathan Thomas Stoel, Esq.
**Hogan Lovells US LLP**
555 Thirteenth Street, NW
Washington, DC 20004

**On Behalf Risen Energy Co., Ltd. and Xiamen Yiyusheng Solar Co., Ltd.**
Gregory S. Menegaz, Esq.
**deKieffer & Horgan**
1090 Vermont Avenue, NW, Suite 410
Washington, DC 20005

**On Behalf of American Alliance for Solar Manufacturing**
Laura El-Sabaawi, Esq.
**Wiley Rein LLP**
1776 K Street, NW
Washington, DC 20006

**On Behalf of Shanghai JA Solar Technology Co., Ltd.; JA Solar Technology Yangzhou Co., Ltd.; JA Solar Co., Ltd. (a.k.a. JingAo Solar Co., Ltd.); Shenzhen Topray Solar Co., Ltd.; and Zhejiang Aiko Solar Energy Technology Co., Ltd, SOURCE Global, PBC, d/b/a Zero Mass Water**
Jeffrey S. Grimson, Esq.
**Mowry & Grimson PLLC**
5335 Wisconsin Avenue, NW, Suite 810
Washington, DC 20015

<div style="columns:2">

**On Behalf of Yingli Green Energy Holding Company Limited; Yingli Energy (China) Co., Ltd.; Baoding Tianwei Yingli New Energy Resources Co., Ltd.; Baoding Jiasheng Photovoltaic Technology Co. Ltd.;Hainan Yingli New Energy Resources Co., Ltd.; Hengshui Yingli New Energy Resources Co., Ltd.; Lixian Yingli New Energy Resources Co., Ltd.; Tianjin Yingli New Energy Resources Co., Ltd.; and Yingli Green Energy International Trading Company Limited, Yingli Renewable Energy Americas, Inc. ("YREA"); YingliGreen Energy Americas, Inc. ("YGEA")**
Richard Weiner, Esq.
**Sidley Austin LLP**
1501 K Street, NW
Washington, DC 20005

**On Behalf of Trina Solar Co., Ltd.; Trina Solar (Changzhou) Science and Technology Co. Ltd.**
**Robert George Gosselink, Esq.**
Trade Pacific PLLC
700 Pennsylvania Avenue, SE, Suite 500
Washington, DC 20003

**On Behalf of Hanwha Q CELLS USA, Inc.**
John M. Gurley, Esq.
**ArentFox Schiff LLP**
1717 K Street
Washington DC 20006

**On Behalf of Anji DaSol Solar Energy Science & Technology Co., Ltd.**
Xiaohua Hou
**Beijing Chang An Law Firm**
F9/10, Zhongjian Building, No.18 Xibahe Dongli,
Chaoyang District, Beijing, China

**On Behalf of Wuxi Suntech Power Co., Ltd. and Luoyang Suntech Power Co., Ltd.**
Fei Qiao
**Qiao & Associates**
Unit 804, 8/F, Chit Lee Commercial Building
30-36 Shau Kei Wan Road
Shau Kei Wan, Hong Kong

</div>

                                                */s/* Ned H. Marshak
                                                   Ned H. Marshak