# UNITED STATES COURT OF INTERNATIONAL TRADE

# BEFORE THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| JINKO SOLAR IMPORT AND EXPORT CO. LTD. ET AL.,<br><br>    Plaintiffs<br><br> and<br><br>JA SOLAR TECHNOLOGY YANGZHOU CO., LTD.,<br><br>    Plaintiff-Intervenor,<br><br>    v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br> and<br><br>AMERICAN ALLIANCE FOR SOLAR MANUFACTURING,<br><br>    Defendant-Intervenor. | Consol. Court No. 22-00219 |

## RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD OF CONSOLIDATED PLAINTIFFS AND PLAINTIFF-INTERVENORS JA SOLAR TECHNOLOGY YANGZHOU CO., LTD. AND SHANGHAI JA SOLAR TECHNOLOGY CO., LTD.

Pursuant to Rule 56.2 of the Rules of the U.S. Court of International Trade, Consolidated Plaintiffs and Plaintiff-Intervenors JA Solar Technology Yangzhou Co., Ltd. and Shanghai JA Solar Technology Co., Ltd. (collectively, "JA Solar"), hereby move for judgment upon the agency record. JA Solar challenges certain aspects of the final results of the December 1, 2019, through November 30, 2020 administrative review of the antidumping duty ("AD") order on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules ("solar cells"), from the

People's Republic of China ("China") conducted by the U.S. Department of Commerce ("Commerce"). See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2019-2020, 87 Fed. Reg. 38,379 (Dep't of Commerce June 28, 2022) ("Final Results"), as amended by Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Amended Final Results of Antidumping Duty Administrative Review, 2019-2020, 87 Fed. Reg. 48,621 (Dep't Commerce Aug. 10, 2022).

JA Solar seeks judgment on the agency record because, as outlined in JA Solar's Brief in support of this Motion, Commerce made factual and legal errors in its dumping margin calculations for Plaintiff Risen Energy Co., Ltd. ("Risen") and Consolidated Plaintiffs Jinko Solar Import and Export Co., Ltd. and its affiliates (collectively, "Jinko Solar") that resulted in an inaccurate dumping margin for JA Solar. Specifically, Commerce's determination was unsupported by substantial evidence and not in accordance with law for the following reasons.

(1) Commerce's selection of flawed surrogate glass data from Romania was unlawful because the best available data on the record were from Malaysia, the primary surrogate country.

(2) Commerce unlawfully valued electricity costs because it used faulty and incomplete data.

(3) Commerce's unlawfully valued air freight because it used Freightos data instead of the more reliable and best quality International Air Transport Association data.

(4) Commerce unlawfully valued ocean freight because it relied on less accurate Maersk data and utilized an inaccurate averaging methodology.

(5) Commerce wrongly calculated the surrogate financial ratios using information only from JA Solar's financial statements when Flextronics merchandise is identical and comparable to the merchandise under consideration, Flextronics financial statement data are superior, and using both Flextronics and JA Solar's financial statements satisfies Commerce's policy of deriving a broad market average.

(6) Commerce wrongly deducted section 301 duties from U.S. sales prices when calculating

its dumping margin because section 301 duties are special duties imposed to remedy foreign unfair practices and not the normal import duties deducted from subject merchandise prices under section 772(c)(2)(A) of the Tariff Act of 1930.

(7) Commerce did not rely upon the best available information to value Risen's backsheet and ethylene vinyl acetate film inputs.

(8) Commerce unlawfully determined to apply adverse facts available in response to the failure of certain Risen unaffiliated producers to provide their factors of production ("FOP) data when the FOP data were not material.

(9) Commerce unlawfully used a new adverse facts available methodology to calculate Risen's dumping margin for FOP per-unit consumption quantities.

As outlined above and discussed in depth in Risen's and Jinko Solar's Rule 56.2 motion and accompanying brief, the <u>Final Results</u> were not supported by substantial evidence and were otherwise not in accordance with law.

JA Solar respectfully moves this Court for an order granting judgment on the agency record and remanding this case to Commerce to recalculate the dumping margin applicable to Plaintiff Risen and Consolidated Plaintiffs Jinko Solar and assign JA Solar a revised separate rate equal to the average of the dumping margins recalculated for Risen and Jinko.

A proposed order is attached for the Court's consideration.

 

Respectfully submitted,

Dated: <u>March 24, 2023</u>   /s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Sarah M. Wyss
Bryan P. Cenko
Jacob M. Reiskin
Mowry & Grimson, PLLC
5335 Wisconsin Avenue NW, Suite 810
Washington, DC 20015
202-688-3610 (phone)
trade@mowrygrimson.com
*Counsel to JA Solar*

# UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE THE HONORABLE CLAIRE R. KELLY, JUDGE

|  |  |
|---|---|
| JINKO SOLAR IMPORT AND EXPORT CO. LTD. ET AL. | )<br>)<br>) |
|     Plaintiffs | )<br>) |
| and | )<br>) |
| JA SOLAR TECHNOLOGY YANGZHOU CO., LTD., | ) |
|     Plaintiff-Intervenor, | )    Consol. Court No. 22-00219 |
| v. | )<br>) |
| UNITED STATES, | )<br>) |
|     Defendant, | )<br>) |
| and | )<br>) |
| AMERICAN ALLIANCE FOR SOLAR MANUFACTURING, | )<br>)<br>) |
|     Defendant-Intervenor. | )<br>) |

**BRIEF IN SUPPORT OF RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD OF CONSOLIDATED PLAINTIFFS AND PLAINTIFF-INTERVENORS JA SOLAR TECHNOLOGY YANGZHOU CO., LTD., SHANGHAI JA SOLAR TECHNOLOGY CO., LTD. AND JINGAO SOLAR CO., LTD.**

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Sarah M. Wyss
Bryan P. Cenko
Jacob M. Reiskin
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, Suite 810
Washington, DC 20015
202-688-3610
trade@mowrygrimson.com
*Counsel to JA Solar*

Dated: March 24, 2023

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................ ii
**ADMINISTRATIVE DETERMINATION SOUGHT TO BE REVIEWED** ......................... 1
**ISSUES PRESENTED** ........................................................................................................ 1
**STATEMENT OF FACTS** .................................................................................................. 4
**STANDARD OF REVIEW** ................................................................................................. 7
**SUMMARY OF ARGUMENT** ........................................................................................... 7
**ARGUMENT** ....................................................................................................................... 8
**CONCLUSION** .................................................................................................................... 9
**REQUEST FOR COURT ORDER AND RELIEF SOUGHT** ............................................. 9

# TABLE OF AUTHORITIES

**Cases**

Atl. Sugar, Ltd. v. United States, 744 F.2d 1556 (Fed. Cir. 1984) ................................. 7

Burlington Truck Lines, Inc. v. United States, 371 U.S. 156 (1962) ............................. 7

Huaiyin Foreign Trade Corp. v. United States, 322 F.3d 1369 (Fed. Cir. 2003) ........... 7

NMB Sing. Ltd. v. United States, 557 F.3d 1316 (Fed. Cir. 2009) ................................ 7

**Statutes**

19 U.S.C. § 1516a(b)(1)(B)(i) ........................................................................................ 7

28 U.S.C. § 1581(c) ....................................................................................................... 1

772(c)(2)(A) of the Tariff Act of 1930 ................................................................. 3, 9, 11

**Other Authorities**

Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Amended Final Results of Antidumping Duty Administrative Review, 2019-2020, 87 Fed. Reg. 48,621 (Dep't Commerce Aug. 10, 2022) ................... 1, 6, 7

Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2019-2020, 87 Fed. Reg. 38,379 (Dep't of Commerce June 28, 2022) ................... 1, 5

Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review, Partial Rescission of Antidumping Administrative Review, and Preliminary Determination of No Shipments; 2019-2020, 86 Fed. Reg. 72,923 (Dep't of Commerce Dec. 23, 2021) ................... 4

Initiation of Antidumping and Countervailing Duty Administrative Reviews, 84 Fed. Reg. 9,297 (Dep't of Commerce Mar. 14, 2019) ................... 4

Consolidated Plaintiffs and Plaintiff-Intervenors JA Solar Technology Yangzhou Co., Ltd. and Shanghai JA Solar Technology Co., Ltd. (collectively, "JA Solar") hereby submit the following brief in accordance with Rule 56.2(c) of the Rules of the U.S. Court of International Trade.

## ADMINISTRATIVE DETERMINATION SOUGHT TO BE REVIEWED

Under 28 U.S.C. § 1581(c), JA Solar challenges certain aspects of the final results of the eighth administrative review of the antidumping duty order on crystalline silicon photovoltaic cells, whether or not assembled into modules ("solar cells") from China conducted by the U.S. Department of Commerce ("Commerce"). See <u>Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2019-2020</u>, 87 Fed. Reg. 38,379 (Dep't of Commerce June 28, 2022) ("<u>Final Results</u>") (P.R. 464), and accompanying Issues and Decision. Mem. ("Final IDM") (P.R. 455), as amended by <u>Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Amended Final Results of Antidumping Duty Administrative Review, 2019-2020</u>, 87 Fed. Reg. 48,621 (Dep't Commerce Aug. 10, 2022) ("<u>Am. Final Results</u>") (P.R. 473). The review in question covers entries of solar cells during the period December 1, 2019, through November 30, 2020.

## ISSUES PRESENTED

JA Solar seeks judgment on the agency record with respect to nine issues related to the dumping margin calculation of Consolidated Plaintiffs Jinko Solar Import and Export Co., Ltd., ("Jinko IE") and its affiliates (collectively, "Jinko Solar") and Risen Energy Co., Ltd. ("Risen"), the mandatory respondents in the underlying administrative proceeding.

1. **Whether Commerce's glass surrogate value selection was supported by substantial evidence and otherwise in accordance with law.**

Commerce's decision to reject reliable and specific Malaysian glass surrogate value data was not supported by substantial evidence and was otherwise not in accordance with law because Commerce selected flawed and less specific Romanian data.

2. **Whether Commerce's valuation of electricity costs is supported by substantial evidence and otherwise in accordance with law.**

Commerce's valuation of electricity costs was not supported by substantial evidence and was otherwise not supported by law because Commerce used faulty and incomplete data.

3. **Whether Commerce's selection of certain data to value air freight is supported by substantial evidence and otherwise in accordance with law.**

Commerce's use of Freightos data to value air freight, instead of the more reliable and best quality International Air Transport Association ("IATA") data, was not supported by substantial evidence and otherwise not in accordance with law.

4. **Whether Commerce's valuation of ocean freight is supported by substantial evidence and otherwise in accordance with law.**

Commerce's use of less accurate Maersk ocean freight data and also a less accurate averaging methodology was not supported by substantial evidence and otherwise not in accordance with law.

5. **Whether Commerce's use of certain data to calculate the surrogate financial ratios is supported by substantial evidence and otherwise in accordance with law.**

Commerce's decision to calculate the surrogate financial ratios using information only from JA Solar's financial statements was not supported by substantial evidence and otherwise not in accordance with law because Flextronics merchandise is identical and comparable to the merchandise under consideration, Flextronics financial statement data are superior, and using both Flextronics and JA Solar's financial statements satisfies Commerce's policy of deriving

a broad market average.

6. **Whether Commerce's deduction of section 301 duties from U.S. sales prices is supported by substantial evidence and otherwise in accordance with law.**

Commerce's deduction of section 301 duties from U.S. sales prices when calculating a dumping margin was not supported by substantial evidence and otherwise not in accordance with law because they are special duties imposed to remedy foreign unfair practices and not the normal import duties deducted from subject merchandise prices under section 772(c)(2)(A) of the Tariff Act of 1930.

7. **Whether Commerce's surrogate value classification for backsheet and ethylene vinyl acetate ("EVA") film inputs is supported by substantial evidence and otherwise in accordance with law.**

Commerce did not rely upon the best available information to value Risen's backsheet and EVA film inputs and, therefore, such decisions are not supported by substantial evidence and otherwise not in accordance with law.

8. **Whether Commerce's determination to apply adverse facts available ("AFA") in response to the failure of certain Risen unaffiliated producers to provide their factors of production ("FOP) data is supported by substantial evidence and otherwise in accordance with law.**

Commerce's determination to AFA in response to the failure of certain Risen unaffiliated producers to provide their FOP data was contrary to substantial court precedent, not supported by substantial evidence and otherwise not in accordance with law.

9. **Whether Commerce's use of a new methodology to base Risen's dumping margin on AFA for Risen's FOP per-unit consumption quantities is supported by substantial evidence and otherwise in accordance with law.**

Commerce's new methodology to base Risen's dumping margin on AFA for Risen's FOP per-unit consumption quantities is not supported by substantial evidence and otherwise not in accordance with law.

**STATEMENT OF FACTS**

On February 4, 2021, in response to review requests from numerous parties, including JA Solar, Commerce initiated the eighth administrative review of the antidumping duty order on solar cells from China covering the period December 1, 2019, through November 30, 2020. See Initiation of Antidumping and Countervailing Duty Administrative Reviews, 86 Fed. Reg. 8,166 (Dep't of Commerce Feb. 4, 2021) (P.R. 37).

On May 6, 2019, Commerce selected two mandatory respondents: (1) Jinko and (2) Risen. See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review, Partial Rescission of Antidumping Administrative Review, and Preliminary Determination of No Shipments; 2019-2020, 86 Fed. Reg. 72,923 (Dep't of Commerce Dec. 23, 2021) ("Preliminary Results") (P.R. 408) and accompanying Dec. Mem. at 2 ("Prelim. Dec. Mem.") (P.R. 396).

After being selected as mandatory respondents, Jinko and Risen timely responded to Commerce's antidumping questionnaire, double remedy questionnaire and various supplemental questionnaires. See id. Between May and August 2021, interested parties submitted comments on the surrogate country list, surrogate county and surrogate value selection. See id.

On December 23, 2021, Commerce published the Preliminary Results. In the Preliminary Results, Commerce determined that JA Solar was entitled to a separate rate of 23.17 percent as a non-selected company under review. See Preliminary Results, 86 Fed. Reg. at 72,925 (P.R. 408). Commerce based JA Solar's separate rate on the weighted-average dumping margin it assigned to the mandatory respondents. See id. The weighted-average dumping margin for Jinko was 32.69 percent and for Risen it was 19.26 percent, the two mandatory respondents in the administrative review at issue. See id.

In the Preliminary Results, Commerce granted Jinko Solar's request to excuse it from reporting their FOPs for its solar cell and solar module. See Prelim. Dec. Mem. at 15 (P.R. 396). In the Preliminary Results, Commerce applied partial Adverse Facts Available ("AFA") to calculate Risen's dumping margin due to certain unaffiliated suppliers of solar cell and solar modules not reporting their FOPs. See id at 15-16.

On January 28, 2022, JA Solar submitted a letter in lieu of a case brief, concurring with and incorporating, by reference, the arguments made by Jinko and Risen, for Commerce's consideration prior to issuing the Final Results. See Final IDM at 3 (P.R. 455); Letter on Behalf of JA Solar to Dep't of Commerce re: Letter in Lieu of Case Brief (Jan. 28, 2022) (P.R. 420). On February 10, 2022, JA Solar submitted a letter in lieu of a rebuttal brief incorporating all rebuttal arguments made by Jinko and Risen. See Final IDM at 3 (P.R. 455); Letter on Behalf of JA Solar to Dep't of Commerce re: Letter in Lieu of Rebuttal Case Brief (Feb. 10, 2022) (P.R. 432).

On June 28, 2022, Commerce published the Final Results. Commerce continued to determine that JA Solar was entitled to a separate rate. See Final Results, 87 Fed. Reg. at 38,380 (P.R. 464). Commerce determined the separate rate assigned to JA Solar to be 10.24 percent based on the weighted-average dumping margin for Jinko i.e., 15.71 percent, and Risen, i.e., 8.00 percent. See Id.

In the Final Results, Commerce selected Malaysia as the surrogate country for purposes of calculating normal value and made various surrogate value selections pursuant to that decision Malaysian data, including surrogate values for backsheet, EVA sheet, welding wire, sponge cover, wooden board, lift stands, electricity and steam. See Final IDM at Cmts 10-12, 17, 19, 21-22 (P.R. 455). Commerce, however, went outside of Malaysia when it selected Romanian Harmonized

Tariff Heading ("HTS") subheading 7007.19.80, in lieu of import values under Malaysian HTS 7007.19.90, as its surrogate value for solar glass. See id. at Cmt. 3.

In the Final Results, Commerce calculated its surrogate financial ratios using the financial statements from a single company, JA Solar (Malaysia) SDN. See id. at Cmt. 8.

In the Final Results, Commerce used an average of the Descartes and Maersk data to calculate a surrogate value for international freight services for the two mandatory respondents. See id. at Cmt. 4. In calculating its average, Commerce calculated separate rates for shipping from China to specific U.S. ports. See id.

In the Final Results, Commerce relied on Freightos data, in lieu of IATA data, to value air freight. See id. at Cmt. 9.

In the Final Results, Commerce deducted section 301 duties from U.S. sales prices when calculating a dumping margins. See id. at Cmt. 31.

In the Final Results, Commerce applied partial AFA to calculate Risen's dumping margin on the basis that certain unaffiliated suppliers of solar cells and modules did not report their FOPs. See id. at Cmt. 1. Commerce "applied AFA by calculating average ratios of the reported consumption quantities to the highest consumption quantities for three separate groups of inputs, all solar module FOPs, all solar cell FOPs, and all packing FOPs. Commerce then multiplied the reported per-unit consumption quantity of each solar module FOP, each solar cell FOP, and each packing FOP, by the relevant average adjustment ratio to increase the reported quantities, as AFA." See id. at Cmt. 2.

On August 10, 2022, in response to a ministerial allegation, Commerce amended the Final Results. See Am. Final Results, 87 Fed. Reg. 48,621 (P.R. 473). Commerce increased the separate rate assigned to JA Solar to 14.79 percent based on the weighted-average dumping margin for

Jinko, i.e., 20.99 percent, and Risen, i.e., 12.24 percent, the two mandatory respondents in the administrative review at issue. See id.

## STANDARD OF REVIEW

"The Court shall hold unlawful any determination, finding or conclusion" of Commerce that is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Huaiyin Foreign Trade Corp. v. United States, 322 F.3d 1369, 1374 (Fed. Cir. 2003) (internal citation omitted). Substantial evidence supporting an agency determination must be based on the whole record, and the Court shall take into account not only the information that supports the agency's decision but also evidence that "fairly detracts from the substantiality of the evidence." Atl. Sugar, Ltd. v. United States, 744 F.2d 1556, 1562 (Fed. Cir. 1984). Commerce must articulate a "rational connection between the facts found and the choice made." Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168 (1962). Although Commerce does not have to provide perfect explanations, "the path of Commerce's decision must be reasonably discernable." NMB Sing. Ltd. v. United States, 557 F.3d 1316, 1319 (Fed. Cir. 2009).

## SUMMARY OF ARGUMENT

In the interests of judicial economy and to avoid unnecessary repetition and duplicative efforts, JA Solar submits this brief to concur with and incorporate by reference all of Jinko Solar's and Risen's arguments presented in their Rule 56.2 motions and briefs and joins in the request that this Court issue a decision remanding this case to Commerce with instructions to recalculate the dumping margin applicable to Jinko, Risen and the separate rate recipients, such as JA Solar. On remand, we request that the Court instruct Commerce to assign JA Solar a revised separate rate to

7

the average of the dumping margins recalculated for Risen and Jinko on remand consistent with Jinko Solar's and Risen's arguments to the Court.

## ARGUMENT

JA Solar concurs with and incorporates by reference Jinko Solar's and Risen's Rule 56.2 motions for judgment on the agency record and accompanying briefs. In particular, JA Solar agrees with and incorporates the following arguments presented by Risen and Jinko:

(1) Commerce's selection of flawed glass surrogate values from Romania was not supported by substantial evidence and was otherwise not in accordance with law because the best available glass surrogate value data on the record were from Malaysia, the primary surrogate country.

(2) Commerce's selection of data to value electricity was not supported by substantial evidence and was otherwise not supported by law because the data were faulty and incomplete.

(3) Commerce's use of Freightos data to value air freight, instead of the more reliable and best quality IATA data, was not supported by substantial evidence and otherwise not in accordance with law.

(4) Commerce's use of less accurate Maersk data and an inaccurate averaging methodology to value ocean freight data was not supported by substantial evidence and otherwise not in accordance with law.

(5) Commerce's decision to calculate the surrogate financial ratios using information only from JA Solar's financial statements was not supported by substantial evidence and otherwise not in accordance with law because Flextronics merchandise is identical and comparable to the merchandise under consideration, Flextronics financial statement data is superior, and using both Flextronics and JA Solar's financial statements satisfies Commerce's policy of deriving a broad market average.

(6) Commerce's deduction of section 301 duties from U.S. sales prices when calculating a dumping margin was not supported by substantial evidence and otherwise not in accordance with law because they are special duties imposed to remedy foreign unfair practices and not the normal import duties deducted from subject merchandise prices under section 772(c)(2)(A) of the Tariff Act of 1930.

(7) Commerce did not rely upon the best available information to value Risen's backsheet and EVA film inputs and therefore such decisions are not supported by substantial evidence and otherwise not in accordance with law.

(8) Commerce's determination to apply adverse facts available in response to the failure of certain Risen unaffiliated producers to provide their FOP data was contrary to substantial court precedent, not supported by substantial evidence and otherwise not in accordance with law.

(9) Commerce's new methodology to base Risen's dumping margin on AFA for Risen's FOP per-unit consumption quantities is not supported by substantial evidence and otherwise not in accordance with law.

## CONCLUSION

The Final Results were not supported by substantial record evidence and were otherwise not in accordance with law. The Court should grant JA Solar's motion for judgment on the agency record and remand the Final Results to Commerce for a determination in accordance with the points of law outlined above and discussed in depth in Jinko Solar's and Risen's Rule 56.2 motions and accompanying briefs.

## REQUEST FOR COURT ORDER AND RELIEF SOUGHT

For the reasons elaborated above, JA solar respectfully moves this Court for an order granting judgement on the agency record including, but not limited to, the following relief:

(1) Declaring that Commerce's selection of flawed glass surrogate values from Romania was not supported by substantial evidence and otherwise in accordance with law because the best available glass surrogate value data on the record were from Malaysia, the primary surrogate country.

(2) Declaring that Commerce's selection of data to value electricity was not supported by substantial evidence and was otherwise not supported by law because the data were faulty and incomplete.

(3) Declaring that Commerce's use of Freightos data to value air freight, instead of the more reliable and best quality IATA data, was not supported by substantial evidence and otherwise not in accordance with law.

(4) Declaring that Commerce's use of less accurate Maersk data and an inaccurate averaging methodology to value ocean freight data was not supported by substantial evidence and otherwise not in accordance with law.

(5) Declaring that Commerce's decision to calculate the surrogate financial ratios using information only from JA Solar's financial statements was not supported by substantial evidence and otherwise not in accordance with law because Flextronics merchandise is identical and comparable to the merchandise under consideration, Flextronics financial statement data is superior, and using both Flextronics and JA Solar's financial statements satisfies Commerce's policy of deriving a broad market average.

(6) Declaring that Commerce's deduction of section 301 duties from U.S. sales prices when calculating Jinko Solar's dumping margin was not supported by substantial evidence and otherwise not in accordance with law because they are special duties imposed to remedy

foreign unfair practices and not the normal import duties deducted from subject merchandise prices under section 772(c)(2)(A) of the Tariff Act of 1930.

(7) Declaring that Commerce did not rely upon the best available information to value Risen's backsheet and EVA film inputs and therefore such decisions are not supported by substantial evidence and otherwise not in accordance with law.

(8) Declaring that Commerce's determination to apply AFA in response to the failure of certain Risen unaffiliated producers to provide their FOP data was contrary to substantial court precedent, not supported by substantial evidence and otherwise not in accordance with law.

(9) Declaring that Commerce's new methodology to base Risen's dumping margin on AFA for Risen's FOP per-unit consumption quantities is not supported by substantial evidence and otherwise not in accordance with law.

A proposed order is attached for the Court's consideration.

Respectfully submitted,

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Sarah M. Wyss
Bryan P. Cenko
Jacob. M. Reiskin
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, Suite 810
Washington, DC 20015
202-688-3610
trade@mowrygrimson.com
*Counsel to JA Solar*

Dated: March 24, 2023

**Certificate of Compliance with Chambers Procedure 2(B)(1)**

      As required by Paragraph 2 of the Standard Chambers Procedures of the Court of International Trade, I, Jeffrey S. Grimson, hereby certify that this brief complies with the word limitations set forth in Paragraph 2(B) of the Standard Chamber Procedures. Excluding the table of contents, table of authorities, signature block and any certificates of counsel, the word count for this brief is 2,952 words. This brief thus complies with the Standard Chambers Procedures, which permits briefs of 14,000 words or fewer.

                                                  /s/ Jeffrey S. Grimson
                                                  Jeffrey S. Grimson
                                                  Mowry & Grimson, PLLC
                                                  5335 Wisconsin Avenue, Suite 810
                                                  Washington, DC 20015
                                                  202-688-3610
                                                  trade@mowrygrimson.com
                                                  *Counsel to JA Solar*

Dated: March 24, 2023