UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| JINKO SOLAR IMPORT AND EXPORT CO., LTD., *et al.*, | |
| Plaintiffs, | |
| TRINA SOLAR CO., LTD., *et al.*, | |
| Consolidated Plaintiffs, | |
| and | |
| JA SOLAR TECHNOLOGY YANGZHOU CO., LTD., *et al.*, | Consol. Court No. 22-00219 |
| Plaintiff-Intervenors, | |
| v. | |
| UNITED STATES, | |
| Defendant, | |
| and | |
| AMERICAN ALLIANCE FOR SOLAR MANUFACTURING, | |
| Consolidated Defendant-Intervenor. | |

PLAINTIFF-INTERVENOR BYD (SHANGLUO) INDUSTRIAL CO., LTD.'S
RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD

Pursuant to Rule 56.2 of the Rules of the United States Court of International Trade,

Plaintiff-Intervenor BYD (Shangluo) Industrial Co., Ltd. ("Shangluo BYD"), hereby moves for

Judgment on the Agency Record with respect to the final results of the U.S. Department of

Commerce concerning the eighth administrative review of the antidumping duty order on

crystalline silicon photovoltaic products, published as *Crystalline Silicon Photovoltaic Cells,*

*Whether or Not Assembled Into Modules, From the People's Republic of China*, 87 Fed. Reg. 38,379 (Dep't Commerce Jun. 28, 2022)(final results of antidumping duty administrative review and final determination of no shipments; 2019-2020) and accompanying Issues and Decision Memorandum, as amended by *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China*, 87 Fed. Reg. 48,621 (Dep't Commerce Aug. 10, 2022) (amended final results of antidumping duty administrative review; 2019-2020) (collectively, "*Final Results*"). The period of review ("POR") was December 1, 2019 through November 30, 2020.

For the reasons explained in the accompanying Memorandum, Shangluo BYD respectfully moves for this Court to hold that the contested portions of the *Final Results* are unsupported by substantial evidence and are otherwise not in accordance with law. Shangluo BYD further moves for the Court to remand this matter to the U.S. Department of Commerce for reconsideration and disposition consistent with the order and opinion of the Court. A proposed order is attached.

Please contact the undersigned if there are questions concerning this motion.

Respectfully submitted,

/s/ Craig A. Lewis
Craig A. Lewis
Nicholas W. Laneville

HOGAN LOVELLS US LLP
Columbia Square Building
555 Thirteenth Street, NW
Washington, DC 20004-1109
Phone: +1.202.637.5600
Fax: +1.202.637.5910
E-mail: craig.lewis@hoganlovells.com

*Counsel to BYD (Shangluo) Industrial Co., Ltd.*

Dated: March 24, 2023

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

JINKO SOLAR IMPORT AND EXPORT CO., LTD., *et al.*,

        Plaintiffs,

TRINA SOLAR CO., LTD., *et al.*,

        Consolidated Plaintiffs,

        and

JA SOLAR TECHNOLOGY YANGZHOU CO., LTD., *et al.*,

        Plaintiff-Intervenors,

        v.

UNITED STATES,

        Defendant,

        and

AMERICAN ALLIANCE FOR SOLAR MANUFACTURING,

        Consolidated Defendant-Intervenor.

Consol. Court No. 22-00219

**PLAINTIFF-INTERVENOR BYD (SHANGLUO) INDUSTRIAL CO., LTD.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 56.2 MOTION FOR JUDGEMENT ON THE AGENCY RECORD**

HOGAN LOVELLS US LLP
Columbia Square Building
555 Thirteenth Street, NW
Washington, DC 20004-1109
Phone: +1.202.637.5600
Fax: +1.202.637.5910

*Counsel to BYD (Shangluo) Industrial Co., Ltd.*

March 24, 2023

# TABLE OF CONTENTS

**Page**

I.     ADMINISTRATIVE DETERMINATION SOUGHT TO BE REVIEWED ..................... 1

II.    ISSUES PRESENTED AND SUMMARY OF THE ARGUMENT ................................. 2

III.   STATEMENT OF FACTS .......................................................................................... 6

IV.   STANDARD OF REVIEW ....................................................................................... 11

V.    ARGUMENT ........................................................................................................... 12

VI.   CONCLUSION ....................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Burlington Truck Lines, Inc. v. United States*,
  371 U.S. 156 (1962) ................................................................................................ 12

*Consol. Edison Co. v. N.L.R.B.*,
  305 U.S. 197 (1938) ................................................................................................ 11

*Daewoo Elecs. Co. v. Int'l Union of Elec., Technical, Salaried & Mach. Workers, AFL-CIO*,
  6 F.3d 1511 (Fed. Cir. 1993) ................................................................................... 12

*Gallant Ocean (Thailand) Co. v. United States*,
  602 F.3d 1319 (Fed. Cir. 2010) ............................................................................... 12

*N.L.R.B. v. Columbian Enameling & Stamping Co.*,
  306 U.S. 292 (1939) ................................................................................................ 12

*Universal Camera Corp. v. N.L.R.B.*,
  340 U.S. 474 (1951) ................................................................................................ 11

**Statutes**

19 U.S.C. § 1516a(b)(1)(B)(i) .................................................................................. 11

19 U.S.C. § 1677a(c)(2)(A) ........................................................................................ 5

**Administrative Materials**

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China*, 77 Fed. Reg. 73,018 (Dep't Commerce Dec. 7, 2012)(amended final determination and antidumping duty order) ...................................................... 6

**PLAINTIFF-INTERVENOR BYD (SHANGLUO) INDUSTRIAL CO., LTD.'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
RULE 56.2 MOTION FOR JUDGEMENT ON THE AGENCY RECORD**

Plaintiff-Intervenor BYD (Shangluo) Industrial Co., Ltd. ("Shangluo BYD") hereby submits the following Memorandum of Points and Authorities in support of Shangluo BYD's Motion for Judgment on the Agency Record in accordance with Rule 56.2(c) of the Rules of the United States Court of International Trade. For the reasons set forth below, Shangluo BYD respectfully requests that the Court reverse the challenged determination of the U.S. Department of Commerce and remand with instructions to recalculate Shangluo BYD's dumping margin in a manner consistent with this Memorandum and the Court's findings.

## RULE 56.2 STATEMENT AND SUMMARY OF ARGUMENT

## I. ADMINISTRATIVE DETERMINATION SOUGHT TO BE REVIEWED

Shangluo BYD seeks review of the final results issued by the U.S. Department of Commerce, International Trade Administration ("Commerce"), in its eighth administrative review of the antidumping duty order on crystalline silicon photovoltaic cells, whether or not assembled into modules, from the People's Republic of China, Case No. A-570-979. The final results were published as *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China*, 87 Fed. Reg. 38,379 (Dep't Commerce Jun. 28, 2022) (final results of antidumping duty administrative review and final determination of no shipments; 2019-2020) ("*Final Results*") (P.R. 464) and accompanying Issues and Decision Memorandum for the Final Results of the 2019-2020 Antidumping Duty Administrative Review of Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, From the People's Republic of China, dated June 21, 2022 ("*Final Results IDM*") (P.R. 455), as amended by *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China*, 87 Fed. Reg. 48,621 (Dep't Commerce Aug. 10, 2022) (amended final results of

antidumping duty administrative review; 2019-2020) (P.R. 473) (collectively, "*Final Results*"). 1/

Commerce's period of review ("POR") was December 1, 2019 through November 30, 2020.

## II.    ISSUES PRESENTED AND SUMMARY OF THE ARGUMENT

Shangluo BYD seeks judgment on the agency record with respect to the following issues raised in Shangluo BYD's Complaint, and in the complaints of Plaintiffs Jinko Solar Import and Export Co., Ltd., et al. and certain of its affiliates (collectively, "Jinko"), Consolidated Plaintiff Risen Energy Co., Ltd. ("Risen"), Consolidated Plaintiffs Trina Solar Co., Ltd., et al. and certain of its affiliates (collectively, "Trina"), and Consolidated Plaintiffs and Plaintiff-Intervenors JA Solar Technology Yangzhou Co., Ltd. and certain of its affiliates (collectively, "JA Solar"). Shangluo BYD requests a corresponding revision to the antidumping duty margins applicable to Jinko, Risen, and derivatively for Shangluo BYD, as set forth below.

**1.    Commerce's application of partial adverse facts available on the basis of certain unaffiliated cell and module suppliers' failure to report their factors of production is not supported by substantial evidence and is contrary to the law.**

Commerce's application of partial adverse facts available ("AFA") to Risen for missing factors of production ("FOP") data from certain unaffiliated solar cell and module suppliers, despite record evidence of the full cooperation of Risen throughout the review, including multiple efforts to seek this information from the suppliers, is unlawful and is not supported by substantial evidence on the record. Shangluo BYD supports and incorporates by reference the arguments submitted by Risen with respect to this issue.

---

1/    Throughout this brief, citations to the public record are referenced "P.R. ___" and citations to the confidential record are referenced "C.R. ___".

2. **Commerce's methodology for calculating partial AFA for unreported FOPs from Risen's unaffiliated suppliers is not supported by substantial evidence on the record and is contrary to law.**

In the *Final Results*, Commerce changed its methodology for calculating a partial AFA rate for unreported FOPs from Risen's unaffiliated suppliers from previous administrative reviews by calculating average ratios of reported consumption quantities to the highest consumption quantities for all solar modules FOPs, all solar cell FOPs, and all packing FOPs. Commerce then multiplied the reported per-unit consumption quantity of each input by the relevant average adjustment ratio to increase the reported quantities, as AFA. Commerce's application of average AFA ratios to the highest consumption quantities for these FOPs is unlawful and is not supported by substantial evidence on the record. Shangluo BYD supports and incorporates by reference the arguments submitted by Risen with respect to this issue.

3. **Commerce's surrogate value selection for solar glass is not supported by substantial evidence on the record and is contrary to law.**

Commerce's determination in the *Final Results* to value the mandatory respondents' solar glass using import values under Romanian HTS subheading 7007.19.80 rather than Malaysian HTS 7007.19.90 is unsupported by substantial evidence and is not otherwise in accordance with law where this surrogate value was selected despite substantial evidence that this value was aberrational and therefore not reliable or the best available information. Shangluo BYD supports and incorporates by reference the arguments submitted by Jinko and Risen with respect to this issue.

4. **Commerce's use of Maersk Line and Descartes data to value ocean freight expenses is not supported by substantial evidence on the record and is contrary to law.**

Commerce's determination in the *Final Results* to use data from Maersk Line and Descartes to value ocean freight expenses associated with Jinko and Risen's sales to the United

States is unsupported by substantial evidence and is not otherwise in accordance with law where the Maersk data is unreliable. Shangluo BYD supports and incorporates by reference the arguments submitted by Jinko and Risen with respect to this issue.

5. **Commerce's calculation of Jinko's surrogate financial ratios from JA Solar Malaysia SDN's financial statements is not supported by substantial evidence and is contrary to the law.**

Commerce's calculation of Jinko's surrogate financial ratios in the *Final Results* from JA Solar Malaysia SDN's financial statements, instead of averaging Flextronics Shah Alam SDN BHD with JA Solar Malaysia SDN, is unsupported by substantial evidence and otherwise not in accordance with law. Shangluo BYD supports and incorporates by reference the arguments submitted by Jinko with respect to this issue.

6. **Commerce's use of Freightos data to value air freight services used by Jinko is not supported by substantial evidence on the record and is contrary to law.**

Commerce's determination in the *Final Results* to use data from Freightos, rather than from the International Air Transport Association ("IATA"), to value air freight services used by Jinko is unsupported by substantial evidence and is not otherwise in accordance with law. Shangluo BYD supports and incorporates by reference the arguments submitted by Jinko with respect to this issue.

7. **Commerce's surrogate value selection for Risen's backsheet is not supported by substantial evidence on the record and is contrary to law.**

Commerce's determination in the *Final Results* to value Risen's backsheet using import values under Malaysian HTS 3920.62.10 (Polyethylene Terphthalate: Plates and sheets), rather than Malaysian HTS 3920.62.90 – Other (i.e., not plates and sheets), which has been used by Commerce in five previous administrative reviews under this order, is unsupported by substantial evidence and is not otherwise in accordance with law. Shangluo BYD supports and incorporates by reference the arguments submitted by Risen with respect to this issue.

8.   **Commerce's surrogate value selection for Risen's EVA film is not supported by substantial evidence on the record and is contrary to law.**

Commerce's determination in the *Final Results* to value Risen's EVA film using Malaysian imports of HTS 3290.10.19 (Polyethylene of ethylene: plates and sheets (other than rigid)), rather than Malaysian HTS 3920.10.90, which covers film, is unsupported by substantial evidence and is not otherwise in accordance with law. Shangluo BYD supports and incorporates by reference the arguments submitted by Risen with respect to this issue.

9.   **Commerce's surrogate value selection for electricity is not supported by substantial evidence on the record and is contrary to law.**

Commerce's determination in the *Final Results* to use the Malaysian Investment Development Authority's publication *Cost of Doing Business* to determine the SV for electricity, but to exclude electricity rates for off-peak hours and rates applicable to regions other than peninsular Malaysia, is unsupported by substantial evidence and is otherwise not in accordance with law because Jinko manufactures solar cells and modules twenty-four hours a day and the rates for other geographical regions are necessary to obtain a broad market average price. Shangluo BYD supports and incorporates by reference the arguments submitted by Jinko with respect to this issue.

10.  **Commerce's deduction of Section 301 duties from U.S. sales prices to calculate Jinko's dumping margin is not supported by substantial evidence on the record and is contrary to law.**

Commerce's determination in the *Final Results* to deduct Section 301 duties from U.S. sales prices when calculating Jinko's dumping margin is unsupported by substantial evidence and is otherwise not in accordance with law because Section 301 duties are special remedial duties and not the normal "United States import duties" that are deducted from subject merchandise pursuant to 19 U.S.C. § 1677a(c)(2)(A). Shangluo BYD supports and incorporates by reference the arguments submitted by Jinko with respect to this issue.

**11.  Commerce's calculation of the rate applied to Shangluo BYD based on the erroneous rates calculated for Jinko and Risen is not supported by substantial evidence and is contrary to law.**

Finally, the antidumping margins determined for Jinko and Risen are unsupported by substantial evidence and are not in accordance with law for the reasons stated above.  Accordingly those rates should be reconsidered and, as appropriate, recalculated by Commerce consistent with this Court's decision and opinion.  Because Shangluo BYD's antidumping margin for the *Final Results*, as amended, is entirely derivative of the rates determined for Jinko and Risen, Commerce's antidumping margin for Shangluo BYD should likewise be revised to reflect any changes in the antidumping margins ultimately determined for Jinko and Risen.

## III.  STATEMENT OF FACTS

On December 7, 2012, Commerce published in the *Federal Register* the amended final determination and antidumping duty ("AD") order on crystalline silicon photovoltaic cells, whether or not assembled into modules, from the People's Republic of China.  *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China,* 77 Fed. Reg. 73,018 (Dep't Commerce Dec. 7, 2012) (amended final determination and antidumping duty order).

On December 31, 2020, Shangluo BYD requested that Commerce conduct an administrative review of the AD order on crystalline silicon photovoltaic cells, whether or not assembled into modules, from the People's Republic of China, and, on February 4, 2021, Commerce initiated the eighth administrative review covering the December 1, 2019 through November 30, 2020 POR.  *See Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 86 Fed. Reg. 8,166, 8,168 (Dep't Commerce Feb. 4, 2021) (P.R. 37).

On February 25, 2021, Commerce selected two mandatory respondents – (1) Jinko, consisting of Jinko Solar Import and Export Co., Ltd.; Jinko Solar Co., Ltd; JinkoSolar Technology

(Haining) Co., Ltd.; Yuhuan Jinko Solar Co., Ltd.; Zhejiang Jinko Solar Co., Ltd.; Jiangsu Jinko Tiansheng Solar Co., Ltd.; JinkoSolar (Chuzhou) Co., Ltd.; JinkoSolar (Yiwu) Co., Ltd.; and JinkoSolar (Shangrao) Co. Ltd. (collectively, "Jinko"), and (2) Risen, consisting of Risen Energy Co., Ltd.; Risen (Wuhai) New Energy Co., Ltd.; Zhejiang Twinsel Electronic Technology Co., Ltd.; Risen (Luoyang) New Energy Co., Ltd.; Jiujiang Shengzhao Xinye Technology Co., Ltd.; Jiujiang Shengzhao Xinye Trade Co., Ltd. Ruichang Branch; Risen Energy (HongKong) Co., Ltd.;, Risen Energy (Changzhou) Co., Ltd.; and Risen Energy (YIWU) Co., Ltd. (collectively, "Risen"). Memorandum from Jeff Pedersen to Abdelali Elouaradia, *Respondent Selection*, Case No. A-570-979 (2019-2020 Review) (Dep't of Commerce Feb. 25, 2021) (P.R. 53).

Jinko and Risen submitted responses to Commerce's initial antidumping questionnaire, a questionnaire regarding double remedies, supplemental questionnaires, and other factual submissions from May and August 2021. *See* Memorandum from James Maeder to Ryan Majerus, *Decision Memorandum for the Preliminary Results of the 2019-2020 Antidumping Duty Administrative Review of Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, From the People's Republic of China*, Case No. A-570-979 (2019-2020 Review) (Dep't of Commerce Dec. 16, 2021) ("*Prelim Results Issues and Decision Memo*") (P.R. 396) at 2. Jinko and Risen also submitted comments on surrogate country selection and surrogate values ("SVs") from May to August 2021. *Id.*

Shangluo BYD filed a separate rate certification on March 15, 2021. Letter from Hogan Lovells US LLP to the U.S. Department of Commerce, *Separate Rate Certification of BYD (Shangluo) Industrial Co., Ltd.*, Case No. A-570-979 (2019-2020 Review) (Mar. 15, 2021) (P.R. 100).

On December 23, 2021, Commerce published in the *Federal Register* the preliminary results of its eighth administrative review. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China*, 86 Fed. Reg. 72,923 (Dep't Commerce Dec. 23, 2021) (preliminary results of antidumping duty administrative review, partial rescission of antidumping administrative review, and preliminary determination of no shipments; 2019-2020) ("*Preliminary Results*") (P.R. 408), and accompanying Preliminary Results Issues and Decision Memorandum ("*Prelim Results Issues and Decision Memo*") (P.R. 396). Commerce assigned weighted-average dumping margins of 32.69 percent to Jinko, 19.26 percent to Risen, and 23.17 percent to the other companies granted separate rate status. *Preliminary Results* at 72,925.

In the *Preliminary Results*, Commerce applied partial adverse facts available ("AFA") to the missing factors of production ("FOP") data not reported by Risen's unaffiliated solar cell and solar module producers. *Prelim Results Issues and Decision Memo* at 15.

In the *Preliminary Results*, when applying partial AFA to Risen, Commerce calculated average ratios of the reported consumption quantities to the highest consumption quantities for three separate groups of inputs, all solar module FOPs, all solar cell FOPs, and all packing FOPs. Commerce then multiplied the reported per-unit consumption quantity of each solar module FOP, each solar cell FOP, and each packing FOP, by the relevant average adjustment ratio to increase the reported quantities, as AFA. Memorandum to The File from Jeff Pedersen, *Preliminary Results Analysis Memorandum – Risen*, Case No. A-570-979 (2019-2020 Review) (Dep't Commerce Dec. 16, 2021) ("Risen Prelim Analysis Memo") (P.R. 398) at 3. Additionally, in calculating its average AFA adjustment ratios, Commerce divided the average of the consumption figures for that input that were reported for multi-crystalline CONNUMs, other than the multi-crystalline CONNUM

- 8 -

with the highest per-unit consumption of the input, by the highest consumption figure reported by Risen for that input for any multi-crystalline CONNUM. Risen Prelim Analysis Memo at 3. Lastly, Commerce added the percentage of solar cells for which FOP data were not reported to the percentage of modules for which FOP data were not reported to derive the portion of solar cells for which FOP data were not reported to Commerce. Risen Prelim Analysis Memo at 3.

In the *Preliminary Results*, Commerce valued solar glass using import values under Romanian HTS subheading 7007.19.80. Memorandum to The File from Jeff Pedersen, *Factor Valuation Memorandum*, Case No. A-570-979 (2019-2020 Review) (Dep't Commerce Apr. 16, 2021) ("Prelim SV Memo") (P.R. 403) at 3.

In the *Preliminary Results*, Commerce based the SV for ocean freight services on the Maersk Line and Descartes data. *Prelim Results Issues and Decision Memo* at 27; *see also* Prelim SV Memo at 8.

In the *Preliminary Results*, Commerce calculated the surrogate financial ratios only using JA Solar Malaysia's financial statements. *Prelim Results Issues and Decision Memo* at 28; *see also* Prelim SV Memo at 9-10.

In the *Preliminary Results*, Commerce used data from Freightos to value the air freight services used by Jinko. *Prelim Results Issues and Decision Memo* at 27; *see also* Prelim SV Memo at 6.

In the *Preliminary Results*, Commerce valued Risen's backsheets using import values under Malaysian HTS 3920.62.10 (Polyethylene Terphthalate: Plates and sheets). Prelim SV Memo at Attach I Risen SVs (P.R. 405).

In the *Preliminary Results*, Commerce valued Risen's EVA using import values under Malaysian HTS 3920.10.19 (Polyethylene of ethylene: plates and sheets (other than rigid)). *Id.*

In the *Preliminary Results*, Commerce used the Malaysian Investment Development Authority's publication *Cost of Doing Business* to determine the SV for electricity, but excluded electricity rates for off-peak hours and rates applicable to geographical regions other than peninsular Malaysia.  Prelim SV Memo at 4.

In the *Preliminary Results*, Commerce deducted Section 301 duties from U.S. sales prices when calculating Jinko's dumping margin.  Memorandum from Howard Smith to The File, *Preliminary Results Analysis Memorandum – Jinko*, Case No. A-570-979 (2019-2020 Review) (Dep't Commerce Dec. 16, 2021) (P.R. 399) at 3.

Shanglou BYD timely submitted its administrative case brief on January 28, 2022, affirming that Shangluo BYD was entitled to a separate rate and concurring with and incorporated by reference the arguments made by Jinko and Risen for Commerce's consideration prior to issuing the *Final Results*.  Letter from Hogan Lovells US LLP the U.S. Department of Commerce, *BYD (Shangluo) Industrial Co., Ltd. Letter in Lieu of Case Brief*, Case No. A-570-979 (2019-2020 Review) (Jan. 28, 2022) (P.R. 419).

On June 28, 2022, Commerce published its *Final Results* in the *Federal Register*. Commerce acknowledged and corrected its error with respect to Shangluo BYD's filing of a separate rate certification and assigned Shangluo BYD a separate rate.  *Final Results* at 38,380.

Commerce, with certain adjustments, continued to apply partial AFA to calculate Risen's dumping margin on the basis of the missing FOPs.  Furthermore, over the objections raised by Jinko and Risen, as well as Shangluo BYD by reference, Commerce continued to use the same SVs for the FOPs discussed above that were relied on in the *Preliminary Results*.  Additionally, Commerce continued to deduct from U.S. price Section 301 duties. Commerce assigned weighted-average dumping margins of 15.71 percent to Jinko, 8.00 percent to Risen, and 10.24 percent to

the other non-selected respondents participating in the review, including Shangluo BYD. *Final Results* at 38,380.

On August 10, 2022, Commerce amended the *Final Results* to correct certain ministerial errors, revising the weighted-average dumping margins to 12.24 percent for Risen and 20.99 percent for Jinko, thereby also revising the dumping margin for separate rate respondents (including Shangluo BYD) to 14.79 percent. *Amended Final Results* at 48,621; *see also* Memorandum from Robert Bolling to James Maeder, *Ministerial Error Allegation in the Final Results* (Dep't Commerce Aug. 3, 2022) ("*Ministerial Errors Memorandum*") (P.R. 471).

After publication of the *Final Results*, Shangluo BYD and the mandatory respondents, Jinko and Risen, timely commenced actions to challenge Commerce's determinations in this administrative review. *See* Summons, July 27, 2022, ECF No. 1; *BYD (Shangluo) Industrial Co., Ltd. v. United States*, Ct. No. 22-00226, Summons, July 28, 2022, ECF No. 1; *Risen Energy Co., Ltd. v. United States*, Ct. No. 22-00221, Summons, July 28, 2022, ECF No. 1. Jinko, Risen, and Shangluo BYD's actions were subsequently consolidated with the actions of other participants in the administrative review. *See* Order, Nov. 2, 2022, ECF No. 26.

## IV.    STANDARD OF REVIEW

In appeals of final antidumping duty determinations, the Court shall hold unlawful and remand any administrative determination by Commerce that is "unsupported by substantial evidence on the record or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 477 (1951)(quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197 (1938). It must be "more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established." *N.L.R.B. v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300 (1939). In making its judgment, the

Court "looks to the record as a whole, including any evidence that fairly detracts from the substantiality of the evidence," *Gallant Ocean (Thailand) Co. v. United States*, 602 F.3d 1319, 1323 (Fed. Cir. 2010) (internal quotation marks and citation omitted), and determines "whether the evidence and reasonable inferences from the record support {the agency's} finding." *Daewoo Elecs. Co. v. Int'l Union of Elec., Technical, Salaried & Mach. Workers*, *AFL-CIO*, 6 F.3d 1511, 1520 (Fed. Cir. 1993) (internal quotation marks and citation omitted). Commerce must provide a "rational connection between the facts found and the choice made." *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962).

## V. ARGUMENT

The margin of dumping assigned to Shangluo BYD in the *Final Results* is the weighted-average of the individual margins of dumping determined for the mandatory respondents Jinko and Risen. *Final Results*, 87 Fed Reg. at 38,380. Accordingly Shangluo BYD's margin of dumping is entirely derivative of the margins of dumping calculated for Jinko and Risen. Commerce made multiple errors in the calculation of the margins of dumping assigned to Jinko and Risen. The correction of these errors directly impacts the margin of dumping applicable to Shangluo BYD.

Plaintiffs Jinko and Consolidated Plaintiff Risen have presented thorough and compelling arguments on each of their individual motions for judgment on the agency record contesting Commerce's errors in the calculation of their respective margins. Shangluo agrees with the claims and supporting arguments asserted by Jinko and Risen. In the interest of judicial economy, Shangluo BYD will therefore not repeat those arguments here. Shangluo BYD instead hereby supports, incorporates, and adopts by reference all of Jinko's and Risen's arguments to the extent they challenge the rates that Jinko and Risen, as mandatory respondents, received from Commerce in the *Final Results*, as amended, and join in their request that the Court issue a decision remanding

this case to Commerce with instructions to recalculate Jinko's and Risen's AD margins. Shangluo BYD further request that the margin assigned to Shangluo BYD, as a cooperative separate respondent, likewise be revised in accordance with this Court's findings and as a consequence of the correction of the antidumping rates redetermined for Jinko and Risen.

In summary, Shangluo BYD agrees with the following arguments presented by Jinko and Risen:

(1) Commerce's application of partial AFA for missing FOP data from certain unaffiliated solar cell and module suppliers is unlawful and is not supported by substantial evidence on the record. Shangluo BYD supports and incorporates by reference the arguments submitted by Risen with respect to this issue.

(2) Commerce's methodology for calculating partial AFA for unreported FOPs from Risen's unaffiliated suppliers is unlawful and is not supported by substantial evidence on the record. Shangluo BYD supports and incorporates by reference the arguments submitted by Risen with respect to this issue.

(3) Commerce's surrogate value selection for solar glass is unlawful and is not supported by substantial evidence on the record. Shangluo BYD supports and incorporates by reference the arguments submitted by Jinko and Risen with respect to this issue.

(4) Commerce's use of Maersk Line and Descartes data to value ocean freight expenses is unlawful and is not supported by substantial evidence on the record. Shangluo BYD supports and incorporates by reference the arguments submitted by Jinko and Risen with respect to this issue.

(5) Commerce's calculation of Jinko's surrogate financial ratios from JA Solar Malaysia SDN's financial statements is unlawful and is not supported by substantial evidence on the record.

Shangluo BYD supports and incorporates by reference the arguments submitted by Jinko with respect to this issue.

(6) Commerce's use of Freightos data to value air freight services used by Jinko is unlawful and is not supported by substantial evidence on the record. Shangluo BYD supports and incorporates by reference the arguments submitted by Jinko with respect to this issue.

(7) Commerce's surrogate value selection for Risen's backsheet is unlawful and is not supported by substantial evidence on the record. Shangluo BYD supports and incorporates by reference the arguments submitted by Risen with respect to this issue.

(8) Commerce's surrogate value selection for Risen's EVA film is unlawful and is not supported by substantial evidence on the record. Shangluo BYD supports and incorporates by reference the arguments submitted by Risen with respect to this issue.

(9) Commerce's determination in the *Final Results* to use the Malaysian Investment Development Authority's publication *Cost of Doing Business* to determine the SV for electricity, but to exclude electricity rates for off-peak hours and rates applicable to regions other than peninsular Malaysia, is unsupported by substantial evidence and is otherwise not in accordance with law because Jinko manufactures solar cells and modules twenty-four hours a day and the rates for other geographical regions are necessary to obtain a broad market average price. Shangluo BYD supports and incorporates by reference the arguments submitted by Jinko with respect to this issue.

(10) Commerce's deduction of Section 301 duties from U.S. sales prices to calculate Jinko's dumping margin is not supported by substantial evidence on the record and is contrary to law. Shangluo BYD supports and incorporates by reference the arguments submitted by Jinko with respect to this issue.

(11) Commerce's determination in the *Final Results* to apply the weighted-average AD margins calculated for Jinko and Risen to Shangluo BYD is unsupported by substantial evidence and is not otherwise in accordance with law because the AD margins determined for Jinko and Risen were not supported by substantial evidence and were not in accordance with law for the reasons summarized above. Because Shangluo BYD's antidumping margin was determined by, and is derivative of, the dumping margins determined for Jinko and Risen, Shangluo BYD's AD margin for the contested 2019-2020 AD review should be redetermined in accordance with this Court's instructions as a consequence of any revisions that are made to Jinko's and Risen's AD margins.

## VI.    CONCLUSION

For the foregoing reasons, Shangluo BYD respectfully requests that the Court grants its Motion for Judgment on the Agency Record. Shangluo BYD respectfully requests that this Court remand to Commerce with instructions to recalculate Jinko's and Risen's AD margins consistent with the arguments set forth above and those set forth in the motions and accompanying memoranda filed by Jinko and Risen. Shangluo BYD further requests that the Court instruct Commerce to recalculate the weighted-average AD margin assigned to Shangluo BYD consistent with any changes made to the margins for Jinko and Risen.

Respectfully submitted,

/s/ Craig A. Lewis_____
Craig A. Lewis
Nicholas W. Laneville

HOGAN LOVELLS US LLP
Columbia Square Building
555 Thirteenth Street, NW
Washington, DC 20004-1109
Phone: +1.202.637.5600
Fax: +1.202.637.5910

E-mail: craig.lewis@hoganlovells.com

*Counsel to BYD (Shangluo) Industrial Co., Ltd.*

Dated: March 24, 2023

**CERTIFICATE OF COMPLIANCE**

Pursuant to Standard Chambers Procedure section 2(B)(1), the undersigned counsel at Hogan Lovells US LLP hereby certifies that this Memorandum in Support of Consolidated Plaintiff and Plaintiff-Intervenors' Rule 56.2(c) Motion for Judgment on the Agency Record complies with the word-count limitation requirement. The memorandum of law contains 4,351 words as computed by Hogan Lovells US LLP's word processing system (Microsoft Word 2010).

Respectfully submitted,

/s/ Craig A. Lewis

Craig A. Lewis

HOGAN LOVELLS US LLP
Columbia Square Building
555 Thirteenth Street, NW
Washington, DC 20004-1109
Phone: +1.202.637.5600
Fax: +1.202.637.5910
E-mail: craig.lewis@hoganlovells.com

*Counsel to BYD (Shangluo) Industrial Co., Ltd.*

Dated: March 24, 2023

**CERTIFICATE OF SERVICE**

I, Craig A. Lewis, hereby certify that copies of the attached public submission has been served by the Court's CM/ECF system, on March 24, 2023, addressed to the following parties:

**On Behalf of the United States:**

Joshua E. Kurland
U.S. DEPARTMENT OF JUSTICE
Commercial Litigation Branch
Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
joshua.e.kurland@usdoj.gov

**On Jinko Solar Import and Export Co. Ltd. et al.:**

Ned H. Marshak
GRUNFELD DESIDERIO LEBOWITZ
SILVERMAN & KLESTADT, LLP
599 Lexington Avenue
36th Floor
New York, NY 10022
nmarshak@gdlsk.com

**On Behalf of Risen Energy Co., Ltd.:**

Gregory S. Menegaz
DEKIEFFER & HORGAN, PLLC
1090 Vermont Avenue, NW
Suite 410
Washington, DC 20004
gmenegaz@dhlaw.com

**On Behalf of Trina Solar Energy Co., Ltd. et al.:**

Jonathan M. Freed
TRADE PACIFIC, PLLC
660 Pennsylvania Avenue, SE
Suite 401
Washington, DC 20003
jfreed@tradepacificlaw.com

**American Alliance for Solar Manufacturing**

Timothy C. Brightbill
WILEY REIN, LLP
2050 M Street, NW 20036
Washington, DC 20036
tbrightbill@wiley.law

**On Behalf of JA Solar Technology Yangzhou Co., Ltd. et al.:**

Jeffrey S. Grimson
MOWRY & GRIMSON, PLLC
5335 Wisconsin Avenue, NW
Suite 810
Washington, DC 20015
jsg@mowrygrimson.com

/s/ Craig A. Lewis
Craig A. Lewis

**HOGAN LOVELLS US LLP**