IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| JINKO SOLAR IMPORT AND EXPORT CO., LTD., *et al.*, <br><br> Plaintiffs and Consolidated Plaintiffs, <br><br> and <br><br> JA SOLAR TECHNOLOGY YANGZHOU CO., LTD., *et al.*, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> AMERICAN ALLIANCE FOR SOLAR MANUFACTURING, <br><br> Consolidated Defendant-Intervenor. | Consol. Court No. 22-00219 |

**REPLY OF PLAINTIFF-INTERVENOR BYD (SHANGLUO) INDUSTRIAL CO., LTD.**

HOGAN LOVELLS US LLP
Columbia Square Building
555 Thirteenth Street, NW
Washington, DC 20004-1109
Phone: +1.202.637.5600
Fax: +1.202.637.5910

*Counsel to BYD (Shangluo) Industrial Co., Ltd.*

November 13, 2023

# TABLE OF CONTENTS

Page

ARGUMENT ............................................................................................................................. 2

        A.      Commerce's Decision to Apply Partial AFA to Risen for Missing Factors of Production is Unlawful and Not Supported by Substantial Evidence on the Record ................................................................................................................................. 2

        B.      Commerce's Methodology for Calculating and Applying Partial AFA to Risen for Unreported FOPs is Unlawful and Not Supported by Substantial Evidence on the Record ....................................................................................................................... 3

        C.      Commerce's Valuation of Solar Glass is Unlawful and Not Supported by Substantial Evidence on the Record ................................................................... 3

        D.      Commerce's Valuation of Backsheet is Unlawful and Not Supported by Substantial Evidence on the Record ................................................................... 3

        E.      Commerce's Valuation of EVA is Unlawful and Not Supported by Substantial Evidence on the Record ................................................................................... 4

        F.      Commerce's Valuation of Ocean Freight is Unlawful and Not Supported by Substantial Evidence on the Record ................................................................... 4

        G.      Commerce's Valuation of Air Freight is Unlawful and Not Supported by Substantial Evidence on the Record ................................................................... 5

        H.      Commerce's Valuation of Electricity is Unlawful and Not Supported by Substantial Evidence on the Record ................................................................... 5

        I.      Commerce's Selection of the Surrogate Financial Statements is Unlawful and Not Supported by Substantial Evidence on the Record ................................................. 5

        J.      Commerce's Deduction of Section 301 Duties from U.S. Sales Prices is Unlawful and Not Supported by Substantial Evidence on the Record ................................... 6

        K.      BYD's Margin Must be Revised to Reflect Correction of the Errors in Commerce's Calculation of the Margins of Dumping for Jinko and Risen ................................. 6

CONCLUSION .......................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**Statutes**

19 U.S.C. §§ 1677e ............................................................................................................ 2

**Administrative Materials**

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China*, 87 Fed. Reg. 38,379 (Dep't Commerce Jun. 28, 2022) (final results of antidumping duty administrative review and final determination of no shipments; 2019-2020) ................................................................................................................................... 1, 5, 6

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China*, 87 Fed. Reg. 48,621 (Dep't Commerce Aug. 10, 2022) (amended final results of antidumping duty administrative review; 2019-2020) ................................ 2, 5, 6

# REPLY OF PLAINTIFF-INTERVENOR
# BYD (SHANGLUO) INDUSTRIAL CO., LTD.

Plaintiff-Intervenor BYD (Shangluo) Industrial Co., Ltd. ("Shangluo BYD") hereby submits this reply to the response of the defendant, the United States (the "Government") ("Government's Response") (CM/ECF 51), and defendant-intervenor, American Alliance for Solar Manufacturing (the "Alliance") ("Alliance's Response") (CM/ECF 52-53). The Government and the Alliance submitted their responses in opposition to the motions for judgment on the agency record and accompanying briefs of Shangluo BYD (CM/ECF 41), Plaintiffs Jinko Solar Import and Export Co., Ltd., et al. ("Jinko") (CM/ECF 37), Consolidated Plaintiff Risen Energy Co., Ltd. ("Risen") (CM/ECF 38-40), Consolidated Plaintiffs Trina Solar Co., Ltd., et al. ("Trina") (CM/ECF 35), and Consolidated Plaintiffs and Plaintiff-Intervenors JA Solar Technology Yangzhou Co., Ltd. ("JA Solar") (CM/ECF 36).

Shangluo BYD, Jinko, Risen, Trina, and JA Solar are challenging certain determinations of the U.S. Department of Commerce ("Commerce") made in the final results of the eighth administrative review of the antidumping duty order on crystalline silicon photovoltaic cells, whether or not assembled into modules from the People's Republic of China. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China*, 87 Fed. Reg. 38,379 (Dep't Commerce June 28, 2022) (final results of antidumping duty administrative review and final determination of no shipments; 2019-2020) ("*Final Results*") (P.R. 464) and accompanying Issues and Decision Memorandum for the Final Results of the 2019-2020 Antidumping Duty Administrative Review of Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, From the People's Republic of China, dated June 21, 2022 ("*Final Results IDM*") (P.R. 455), as amended by *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China*, 87 Fed. Reg. 48,621 (Dep't

Commerce Aug. 10, 2022) (amended final results of antidumping duty administrative review; 2019-2020) (P.R. 473) (collectively, "*Final Results*"). 1/ Commerce's period of review ("POR") was December 1, 2019 through November 30, 2020.

## ARGUMENT

Rather than repeat well-pled arguments, Shangluo BYD hereby adopts and incorporates by reference the arguments presented in the November 13, 2023, reply briefs of mandatory respondents Jinko and Risen submitted in opposition to the Government's Response and the Alliance's Response and further moves that the separate rate applied to Shangluo BYD should, as a consequence, be revised in accordance with any changes made to the rates re-determined for Jinko and Risen. Specifically, Shangluo BYD endorses and incorporates by reference the arguments of Jinko and Risen to the extent they address the following issues:

**A. Commerce's Decision to Apply Partial AFA to Risen for Missing Factors of Production is Unlawful and Not Supported by Substantial Evidence on the Record**

Commerce's decision to apply partial adverse facts available ("AFA") to Risen pursuant to 19 U.S.C. §§ 1677e(a) and (b) for missing factors of production ("FOP") data from certain unaffiliated solar cell and module suppliers is unlawful and is not supported by substantial evidence on the record. Shangluo BYD disagrees with the Government's and the Alliance's arguments with respect to this claim, *see* Government's Response at 59-65 and the Alliance's Response at 57-62, and endorse and incorporate by reference the arguments in reply submitted by Risen in its reply brief.

---

1/ Throughout this brief, citations to the public record are referenced "P.R. ___" and citations to the confidential record are referenced "C.R. ___".

**B. Commerce's Methodology for Calculating and Applying Partial AFA to Risen for Unreported FOPs is Unlawful and Not Supported by Substantial Evidence on the Record**

Commerce's methodology for calculating and applying partial AFA for the unreported FOPs from Risen's unaffiliated suppliers is unlawful and is not supported by substantial evidence on the record. Shangluo BYD disagrees with the Government's and the Alliance's arguments with respect to this claim, *see* Government's Response at 65-70 and the Alliance's Response at 62-63, and endorses and incorporates by reference the arguments in reply submitted by Risen in their reply brief.

**C. Commerce's Valuation of Solar Glass is Unlawful and Not Supported by Substantial Evidence on the Record**

Commerce's determination to value solar glass based on import prices under Romanian HTS 7007.19.80 (Toughened (Tempered) Safety Glass (Excl. Enamelled, Coloured Throughout The Mass, Opacified, Flashed Or With An Absorbent Or Reflecting Layer, Glass Of Size And Shape Suitable For Incorporation In Motor Vehicles, Aircraft, Spacecraft, Vessels And Other Vehicles)) is unlawful and is not supported by substantial evidence on the record. Commerce should have valued solar glass using Malaysian HTS 7007.19.90 (Safety Glass, Consisting Of Toughened (Tempered) Or Laminated Glass other than of size and shape suitable for incorporation in vehicles, aircraft, spacecraft or vessels). Shangluo BYD disagrees with the Government's and the Alliance's arguments with respect to this claim, *see* Government's Response at 14-26 and the Alliance's Response at 7-24, and endorses and incorporates by reference the arguments in reply submitted by Jinko and Risen in their reply briefs.

**D. Commerce's Valuation of Backsheet is Unlawful and Not Supported by Substantial Evidence on the Record**

Commerce's selection of Malaysian HTS 3920.62.1000 (Of Polyethylene Terephtalate: plates and sheets), proposed by the Alliance to value Risen's backsheet is unlawful and is not

supported by substantial evidence on the record. Commerce should have selected Malaysian HTS 3920.62.9000 (Of Polyethylene Terephtalate: other – *i.e.*, not plates and sheets) as proposed by Risen. Shangluo BYD disagrees with the Government's and the Alliance's arguments with respect to this claim, *see* Government's Response at 26-29 and the Alliance's Response at 50-51, and endorses and incorporates by reference the arguments in reply submitted by Risen in their reply brief.

> **E. Commerce's Valuation of EVA is Unlawful and Not Supported by Substantial Evidence on the Record**

Commerce's selection of Malaysian HTS 3920.10.19 as the surrogate value for EVA is supported by substantial evidence and lawful. Commerce should have selected Malaysian HTS 3920.10.9000 (Polymers of ethylene: other than plates and sheets). Shangluo BYD disagrees with the Government's and the Alliance's arguments with respect to this claim, *see* Government's Response at 29-31 and the Alliance's response at 50-51, and endorses and incorporates by reference the arguments in reply submitted by Risen in their reply brief.

> **F. Commerce's Valuation of Ocean Freight is Unlawful and Not Supported by Substantial Evidence on the Record**

Commerce's use of Maersk Line and Descartes data together to value ocean freight expenses is unlawful and is not supported by substantial evidence on the record. Commerce should have rejected the Maersk data and instead relied on the Descartes prices or, alternatively, an average of Descartes, Maersk, Drewry, and Freightos data. Shangluo BYD disagrees with the Government's and the Alliance's arguments with respect to this claim, *see* Government's Response at 31-37 and the Alliance's Response at 41-45, and endorses and incorporates by reference the arguments in reply submitted by Jinko and Risen in their reply briefs.

### G. Commerce's Valuation of Air Freight is Unlawful and Not Supported by Substantial Evidence on the Record

Commerce's use of Freightos data to value air freight services used by Jinko is unlawful and is not supported by substantial evidence on the record. Commerce's should have used the International Air Transport Association (IATA) data. Shangluo BYD disagrees with the Government's and the Alliance's arguments with respect to this claim, *see* Government's Response at 37-40 and the Alliance's Response at 36-41, and endorsed and incorporated by reference the arguments in reply submitted by Jinko in their reply brief.

### H. Commerce's Valuation of Electricity is Unlawful and Not Supported by Substantial Evidence on the Record

Commerce's determination in the *Final Results* to use the Malaysian Investment Development Authority's publication *Cost of Doing Business* to determine the SV for electricity, but to exclude electricity rates for off-peak hours and rates applicable to regions other than peninsular Malaysia, is unsupported by substantial evidence and is otherwise not in accordance with law because Jinko manufactures solar cells and modules twenty-four hours a day and the rates for other geographical regions are necessary to obtain a broad market average price. Shangluo BYD disagrees with the Government's and the Alliance's arguments with respect to this claim, *see* Government's Response at 41-43 and the Alliance's Response at 24-36, and endorse and incorporate by reference the arguments in reply submitted by Jinko in their reply brief.

### I. Commerce's Selection of the Surrogate Financial Statements is Unlawful and Not Supported by Substantial Evidence on the Record

Commerce's calculation of Jinko's surrogate financial ratios from JA Solar Malaysia SDN's financial statements is unlawful and is not supported by substantial evidence on the record. Commerce should have instead included financial statements from Flextronics Shah Alam SDN BHD (Flextronics). Shangluo BYD disagrees with the Government's and the Alliance's

arguments with respect to this claim, *see* Government's Response at 43-50 and the Alliance's Response at 45-49, and endorses and incorporates by reference the arguments in reply submitted by Jinko in their reply brief.

> **J.     Commerce's Deduction of Section 301 Duties from U.S. Sales Prices is Unlawful and Not Supported by Substantial Evidence on the Record**

Commerce's deduction of Section 301 duties from U.S. sales prices to calculate Jinko's dumping margin is not supported by substantial evidence on the record and is contrary to law. Like Section 201 duties, Section 301 duties are temporary "special duties" that cannot lawfully be deducted under the statute and governing precedent. Shangluo BYD disagrees with the Government's and the Alliance's arguments with respect to this claim, *see* Government's Response at 50-59 and the Alliance's Response at 51-56, and endorses and incorporates by reference the arguments in reply submitted by Jinko in their reply brief.

> **K.     BYD's Margin Must be Revised to Reflect Correction of the Errors in Commerce's Calculation of the Margins of Dumping for Jinko and Risen**

Commerce's determination in the *Final Results* to apply the weighted-average AD margins calculated for Jinko and Risen to Shangluo BYD is unsupported by substantial evidence and is not otherwise in accordance with law because the AD margins determined for Jinko and Risen were not supported by substantial evidence and were not in accordance with law for the reasons summarized above. The Government's sole response to this claim is to assert that Commerce "lawfully calculated the rates for the mandatory respondents, Jinko and Risen." *See* Government's Response at 92. The Alliance did not respond this claim and therefore waives any defense.

For the reasons articulated above and in the briefs of the other plaintiffs and plaintiff-intervenors, BYD disagrees that the margins were lawfully calculated for Jinko and Risen and submit that those margins must be corrected and revised. Because Shangluo BYD's antidumping margin was determined by, and is derivative of, the dumping margins determined for Jinko and

Risen, Shangluo BYD's AD margin for the contested 2019-2020 AD review should be redetermined in accordance with this Court's instructions as a consequence of any revisions that are made to Jinko's and Risen's AD margins.

**CONCLUSION**

For the foregoing reasons, and those set forth in the reply briefs of Jinko and Risen, Shangluo BYD respectfully requests that the Court grant its Motion for Judgment on the Agency Record and also grant the respective motions for judgment on the agency record submitted by mandatory respondents Jinko and Risen. Shangluo BYD respectfully requests that this Court remand this matter to Commerce with instructions to recalculate Jinko's and Risen's AD margins consistent with the arguments set forth above and those set forth in the motions and accompanying memoranda filed by Jinko and Risen. Shangluo BYD further requests that the Court instruct Commerce to recalculate the weighted-average AD margin assigned to Shangluo BYD consistent with any changes made to the margins for Jinko and Risen.

                                              Respectfully submitted,

                                              /s/ Craig A. Lewis
                                              Craig A. Lewis

                                              HOGAN LOVELLS US LLP
                                              Columbia Square Building
                                              555 Thirteenth Street, NW
                                              Washington, DC 20004-1109
                                              Phone: +1.202.637.5600
                                              Fax: +1.202.637.5910
                                              E-mail: craig.lewis@hoganlovells.com

                                              *Counsel to BYD (Shangluo) Industrial Co., Ltd.*

Dated: November 13, 2023

# CERTIFICATE OF COMPLIANCE

Pursuant to Standard Chambers Procedure section 2(B)(1), the undersigned counsel at Hogan Lovells US LLP hereby certifies that this Reply Brief complies with the word-count limitation requirement. The memorandum of law contains 1,913 words as computed by Hogan Lovells US LLP's word processing system (Microsoft Word 2010).

        Respectfully submitted,

        /s/ Craig A. Lewis
        Craig A. Lewis

        HOGAN LOVELLS US LLP
        Columbia Square Building
        555 Thirteenth Street, NW
        Washington, DC 20004-1109
        Phone: +1.202.637.5600
        Fax: +1.202.637.5910
        E-mail: craig.lewis@hoganlovells.com

        *Counsel to BYD (Shangluo) Industrial Co., Ltd.*

Dated: November 13, 2023

# CERTIFICATE OF SERVICE

I, Craig A. Lewis, hereby certify that copies of the attached public submission has been served by the Court's CM/ECF system, on November 13, 2023, addressed to the following parties:

**On Behalf of the United States:**

Joshua E. Kurland
U.S. DEPARTMENT OF JUSTICE
Commercial Litigation Branch
Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
joshua.e.kurland@usdoj.gov

**On Behalf of Jinko Solar Import and Export Co. Ltd. et al.:**

Ned H. Marshak
GRUNFELD DESIDERIO LEBOWITZ SILVERMAN & KLESTADT, LLP
599 Lexington Avenue
36th Floor
New York, NY 10022
nmarshak@gdlsk.com

**On Behalf of Risen Energy Co., Ltd.:**

Gregory S. Menegaz
DEKIEFFER & HORGAN, PLLC
1090 Vermont Avenue, NW
Suite 410
Washington, DC 20004
gmenegaz@dhlaw.com

**On Behalf of Trina Solar Co., Ltd. et al.:**

Jonathan M. Freed
TRADE PACIFIC, PLLC
660 Pennsylvania Avenue, SE
Suite 401
Washington, DC 20003
jfreed@tradepacificlaw.com

**On Behalf of American Alliance for Solar Manufacturing**

Timothy C. Brightbill
WILEY REIN, LLP
2050 M Street, NW 20036
Washington, DC 20036
tbrightbill@wiley.law

**On Behalf of JA Solar Technology Yangzhou Co., Ltd. et al.:**

Jeffrey S. Grimson
MOWRY & GRIMSON, PLLC
5335 Wisconsin Avenue, NW
Suite 810
Washington, DC 20015
jsg@mowrygrimson.com

/s/ Craig A. Lewis
Craig A. Lewis

**HOGAN LOVELLS US LLP**