UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE CLAIRE R. KELLY, JUDGE

|  |  |
|---|---|
| JINKO SOLAR IMPORT AND EXPORT CO. LTD ET AL. | ) ) ) |
| Plaintiffs | ) ) ) |
| and | ) ) ) |
| JA SOLAR TECHNOLOGY YANGZHOU CO., LTD. | ) ) ) |
| Plaintiff-Intervenor, | ) ) ) |
| v. | ) ) ) Consol. Ct. No. 22-00219 |
| UNITED STATES, | ) ) ) |
| Defendant, | ) ) ) |
| and | ) ) ) |
| AMERICAN ALLIANCE FOR SOLAR MANUFACTURING, | ) ) ) ) |
| Defendant-Intervenor. | ) ) ) |

**REPLY BRIEF OF CONSOLIDATED PLAINTIFFS AND PLAINTIFF-INTERVENORS JA SOLAR TECHNOLOGY YANGZHOU CO., LTD. AND SHANGHAI JA SOLAR TECHNOLOGY CO., LTD. IN SUPPORT OF RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD**

Jeffrey S. Grimson<br>
Sarah M. Wyss<br>
Bryan P. Cenko<br>
Mowry & Grimson, PLLC<br>
5335 Wisconsin Avenue, Suite 810<br>
Washington, DC 20015<br>
202-688-3610<br>
trade@mowrygrimson.com<br>
*Counsel to JA Solar*

Dated: November 13, 2023

**TABLE OF CONTENTS**

**SUMMARY OF ARGUMENT** ................................................................................................. 1
**ARGUMENT** ............................................................................................................................. 1
**CONCLUSION** ......................................................................................................................... 4

In accordance with Rules 56.2 and 81 of the Rules of the U.S. Court of International Trade, Consolidated Plaintiffs and Plaintiff-Intervenors JA Solar Technology Yangzhou Co., Ltd. and Shanghai JA Solar Technology Co., Ltd. (collectively, "JA Solar") reply to the response briefs of Defendant United States and Defendant-Intervenor the American Alliance for Solar Manufacturing (the "Alliance"). <u>See</u> Def.'s Resp. to Pls.' Rule 56.2 Mot. For J. upon the Agency R. (Sept. 18, 2023) (Public Version), ECF No. 51; Defendant-Intervenor Resp. to Pls.' Rule 56.2 Mot. For J. upon the Agency R. (Sept. 18, 2023) (Public Version), ECF No. 53.

## SUMMARY OF ARGUMENT

In the interest of judicial economy and to avoid unnecessary repetition and duplicative efforts, JA Solar submits this response to concur with and incorporate by reference the arguments presented by Consolidated Plaintiff Risen Energy Co., Ltd. ("Risen") and Consolidated Plaintiffs Jinko Solar Import and Export Co., Ltd., Jinko Solar Co., Ltd., Jinkosolar Technology (Haining) Co., Ltd., Yuhuan Jinko Solar Co., Ltd., Zhejiang Jinko Solar Co., Ltd., Jiangsu Jinko Tiansheng Solar Co., Ltd., JinkoSolar (Chuzhou) Co., Ltd., Jinkosolar (Shangrao) Co., Ltd. (collectively, "Jinko") in their own reply briefs filed on November 13, 2023 responding to the arguments of the United States and the Alliance.

## ARGUMENT

JA Solar agrees with and incorporates by reference the following arguments presented by Jinko Solar and Risen in their reply briefs:

(1) Commerce's determination to value solar glass using Romanian Harmonized Tariff Schedule ("HTS") 7007.19.80 was not supported by substantial evidence and was otherwise not in accordance with law because Commerce's rationale that the Romania subheading was more specific was based on a misreading of the tariff schedule in the

preceding review and the best available information on the record to value respondents' solar glass was instead Malaysian HTS 7007.19.90 from the primary surrogate country.

(2) Commerce's use of only peak hours from the Peninsular Malaysian Region to value electricity was not supported by substantial evidence and was otherwise not in accordance with law because Commerce improperly excluded off-peak rates and Sabah/Sarawak rates, leading to a distorted surrogate value calculation.

(3) Commerce's use of Freightos data to value air freight, instead of the International Air Transportation Association ("IATA") data from a preeminent trade association, was not supported by substantial evidence and was otherwise not in accordance with law because the record does not support Commerce's finding that the IATA data were not publicly available.

(4) Commerce's use of Maersk data, as opposed to the Descartes data, to value ocean freight data was not supported by substantial evidence and was otherwise not in accordance with law because the Descartes data are the most specific data on the record. The Maersk data consist of mere speculative price quotes from a shipping company whereas the Descartes data are based on actual arm's length, consummated transactions that are product specific.

(5) Commerce's decision to calculate the surrogate financial ratios using information only from JA Solar Malaysia SDN's financial statements, instead of averaging that financial data with Flextronics Shah Alaam SDN BHD ("Flexatronics data") was not supported by substantial evidence and was otherwise not in accordance with law because the record does not support Commerce's finding that the Felextronics did not produce identical and comparable merchandise. Further, Commerce's determination to reject the Felextronics data based on presumed tolling or smaller production volumes conflicts with Commerce's

past practice when calculating financial ratios.

(6) Commerce's decision to deduct Section 301 duties paid by importers from U.S. prices was not supported by substantial evidence and was otherwise not in accordance with law because these deductions constituted improper double-counting.

(7) Commerce's surrogate value HTS classifications for backsheet and EVA film was not supported by substantial evidence and was otherwise not in accordance with law because Commerce relied on a specification sheet for a particular product that was not the same product used by the solar industry. By contrast, the record established that these inputs, contrary to the specific sheet relied on by Commerce, are most accurately defined as films and, therefore, the best information on the record to value these inputs was HTS 3920.62.90 for backsheet and HTS 3920.10.90 for EVA film.

(8) Commerce's application of adverse facts available against Risen's unreported factors of production ("FOPs") was not supported by substantial evidence and was otherwise not in accordance with law because Risen acted to the best of its ability to obtain this information from its unaffiliated suppliers. Commerce's dismissal of Risen's attempts to obtain these data conflicts with court precedent holding that it is contrary to law for Commerce to employ an adverse inference when the respondent has no control over its non-cooperating suppliers.

(9) Commerce's new calculation methodology to apply the highest consumption amount of an input in one CONNUM to the input consumption of the same input for all other CONNUMs based on adverse facts available was not supported by substantial evidence and was otherwise not in accordance with law because Risen cooperated to the best of its ability and Commerce's methodology led to an inaccurate and overly distorted dumping margin.

See Pls.' Reply to Def. and Def.-Intervenor's Resp. to Pls.' Mot. For J. on the Agency R. (Nov. 13, 2023) (Public Version), ECF No. 57; Consol. Pl's. Reply Br. (Nov. 13, 2023) (Public Version), ECF No. 56.

**CONCLUSION**

For the foregoing reasons, the Court should grant JA Solar's motion for judgement on the agency record and remand the final results for a redetermination consistent with the points of law and record evidence discussed in JA Solar's, Risen's and Jinko's initial briefs.

Respectfully submitted,

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Sarah M. Wyss
Bryan P. Cenko
Mowry & Grimson, PLLC
5335 Wisconsin Avenue NW, Suite 810
Washington, DC 20015
202-688-3610 (phone)
trade@mowrygrimson.com
*Counsel to JA Solar*

Dated: November 13, 2023

4

**Certificate of Compliance with Chambers Procedure 2(B)(1)**

      As required by Paragraph 2 of the Standard Chambers Procedures of the Court of International Trade, I, Jeffrey S. Grimson, hereby certify that this brief complies with the word limitations set forth in Paragraph 2(B) of the Standard Chamber Procedures. Excluding the table of contents, table of authorities, signature block and any certificates of counsel, the word count for this brief is 921 words. This brief thus complies with the Standard Chambers Procedures, which permits briefs of 7,000 words or fewer.

      /s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Mowry & Grimson, PLLC
5335 Wisconsin Avenue NW, Suite 810
Washington, DC 20015
202-688-3610 (phone)
trade@mowrygrimson.com
*Counsel to JA Solar*

<u>Dated</u>: November 13, 2023