**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE CLAIRE R. KELLY**

JINKO SOLAR IMPORT AND EXPORT CO., LTD.; JINKO SOLAR CO., LTD.; JINKOSOLAR TECHNOLOGY (HAINING) CO., LTD.; YUHUAN JINKO SOLAR CO., LTD.; ZHEJIANG JINKO SOLAR CO., LTD.; JIANGSU JINKO TIANSHENG SOLAR CO., LTD.; JINKOSOLAR (CHUZHOU) CO., LTD.; JINKOSOLAR (YIWU) CO., LTD.; and JINKOSOLAR (SHANGRAO) CO., LTD.,

Plaintiffs,

v.

UNITED STATES,

Defendant,

and

AMERICAN ALLIANCE FOR SOLAR MANUFACTURING,

Defendant-Intervenor.

Consol. Court No. 22-00219

**PLAINTIFFS' COMMENTS ON COMMERCE'S THIRD REMAND REDETERMINATION**

Ned H. Marshak
Dharmendra N. Choudhary*
Jordan C. Kahn*

GRUNFELD, DESIDERIO, LEBOWITZ, SILVERMAN & KLESTADT LLP

599 Lexington Ave., 36th Floor
New York, New York 10022
(212) 557-4000
**
*1201 New York Ave., NW, Suite 650
Washington, DC 20005
(202) 783-6881

*Counsel for Plaintiffs Jinko Solar Import and Export Co., Ltd., Jinko Solar Co., Ltd., Jinkosolar Technology (Haining) Co., Ltd., Yuhuan Jinko Solar Co., Ltd., Zhejiang Jinko Solar Co., Ltd., Jiangsu Jinko Tiansheng Solar Co., Ltd., Jinkosolar (Chuzhou) Co., Ltd., Jinkosolar (Yiwu) Co., Ltd., and Jinkosolar (Shangrao) Co., Ltd*

Dated: September 14, 2026

Plaintiffs Jinko Solar Import and Export Co., Ltd., Jinko Solar Co., Ltd., Jinkosolar Technology (Haining) Co., Ltd., Yuhuan Jinko Solar Co., Ltd., Zhejiang Jinko Solar Co., Ltd., Jiangsu Jinko Tiansheng Solar Co., Ltd., Jinkosolar (Chuzhou) Co., Ltd., Jinkosolar (Yiwu) Co., Ltd., and Jinkosolar (Shangrao) Co., Ltd. (collectively, "Jinko") submit comments in support of the Final Results of Redetermination Pursuant to Court Remand (Aug.13, 2026), ECF 185, ("Third Remand"), filed by the U.S. Department of Commerce ("Commerce"), in response to this Court's ruling, *Jinko Solar Import and Export Co. v. United States*, 829 F. Supp. 3d 1247 (CIT 2026) ("*Jinko III*"), in the eighth administrative review ("AR8") of the antidumping duty ("ADD") order on crystalline silicon photovoltaic cells, whether or not assembled into modules ("solar cells"), from the People's Republic of China ("China").

This Court should affirm Commerce's Third Remand, as it complies with *Jinko III*, is supported by substantial evidence, and is otherwise in accordance with law. As this Court ruled when for a third time ordering remand as to Commerce's continued reliance on Romanian Harmonized Tariff Schedule ("HTS") 7007.19.80 data:

> Commerce has not provided an explanation, substantiated by record evidence, that would permit the Court to find its use of the Romanian HTS reasonable. Although the Court has twice remanded this issue for further explanation, Commerce still does not reasonably explain why the plain meaning of "absorbent layer" in the Romanian HTS exclusions does not encompass the solar glass at issue, where record evidence indicates that the glass has a coating that absorbs light. . . .. Because the record contains evidence that the Romanian HTS classification excludes anti-reflective solar glass, Commerce cannot reasonably rely on the Romanian HTS to calculate the normal value of Jinko's solar glass. On remand, if necessary, Commerce may reopen the administrative record to obtain additional information needed to select a surrogate value for solar glass.

*Jinko III*, 829 F. Supp. 3d at 1255-56.

Commerce in fact reopened this record and solicited "information needed to select a surrogate value for solar glass." *Id*. In response, Commerce "obtained CONNUM-specific

kilogram per square meter glass conversion factors from both companies." Third Remand at 6. With this new information, Commerce properly "converted the respondents' glass consumption in kilograms to glass consumption in square meters using their reported CONNUM-specific kilogram per square meter glass conversion factors, valued their glass consumption using import values under Malaysia HS code 7007.19.90, and recalculated their dumping margins based on these changes." *Id*. at 7. This outcome is directly compliant with this Court's order in *Jinko III*, supported by substantial record evidence including the new data solicited on remand, and is otherwise in accordance with law.

Jinko respectfully requests expeditious affirmance of the Third Remand. Indeed, Defendant-Intervenor American Alliance for Solar Manufacturing ("Petitioner") did not comment on Commerce's draft third remand redetermination that used the same methodology to reach the same result as the final Third Remand. *See* Third Remand at 3, 9-10. Because Petitioner failed to exhaust any challenge that it may have to the Third Remand, it is now precluded from challenging that determination before this Court. *Mittal Steel Point Lisas Ltd. v. United States*, 548 F.3d 1375, 1383-84 (Fed. Cir. 2003); 28 U.S.C. § 2637(d). This Court should therefore promptly affirm the Third Remand, thereby ending this longstanding litigation over AR8 of the ADD order on solar cells from China.

Respectfully submitted,

*/s/ Jordan C. Kahn*__
Ned H. Marshak
Dharmendra N. Choudhary*
Jordan C. Kahn*

GRUNFELD, DESIDERIO, LEBOWITZ, SILVERMAN & KLESTADT LLP
599 Lexington Ave., 36th Floor
New York, New York 10022
(212) 557-4000
**

*1201 New York Ave., NW, Suite 650
Washington, DC 20005
(202) 783-6881

*Counsel for Plaintiffs Jinko Solar Import and Export Co., Ltd., Jinko Solar Co., Ltd., Jinkosolar Technology (Haining) Co., Ltd., Yuhuan Jinko Solar Co., Ltd., Zhejiang Jinko Solar Co., Ltd., Jiangsu Jinko Tiansheng Solar Co., Ltd., Jinkosolar (Chuzhou) Co., Ltd., Jinkosolar (Yiwu) Co., Ltd., and Jinkosolar (Shangrao) Co., Ltd*

Dated: September 14, 2026

**CERTIFICATE OF COMPLIANCE**

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this brief complies with the word limitation requirement. The word count for Plaintiffs' Memorandum Comments on Third Remand, as computed by Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt's word processing system Microsoft Word, is 560 words—less than the 10,000 word limit.

/s/ *Jordan C. Kahn*___

*Counsel for Plaintiffs Jinko Solar Import and Export Co., Ltd., Jinko Solar Co., Ltd., Jinkosolar Technology (Haining) Co., Ltd., Yuhuan Jinko Solar Co., Ltd., Zhejiang Jinko Solar Co., Ltd., Jiangsu Jinko Tiansheng Solar Co., Ltd., Jinkosolar (Chuzhou) Co., Ltd., Jinkosolar (Yiwu) Co., Ltd., and Jinkosolar (Shangrao) Co., Ltd*

Dated: September 14, 2026