UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| **JINKO SOLAR IMPORT AND EXPORT CO. LTD., ET AL.,**<br>**Plaintiffs,**<br><br>**and**<br><br>**JA SOLAR TECHNOLOGY YANGZHOU CO., LTD. ET AL.,**<br><br>**Plaintiff-Intervenors,**<br><br>**v.**<br><br>**UNITED STATES,**<br><br>**Defendant, and**<br><br>**AMERICAN ALLIANCE FOR SOLAR MANUFACTURING,**<br><br>**Defendant-Intervenor.** | **Consol. Ct. No. 22-00219** |

**COMMENTS ON FINAL REMAND REDETERMINATION OF CONSOLIDATED PLAINTIFFS AND PLAINTIFF-INTERVENORS JA SOLAR TECHNOLOGY YANGZHOU CO., LTD. AND SHANGHAI JA SOLAR TECHNOLOGY CO., LTD.**

Jeffrey S. Grimson
Bryan P. Cenko
Savannah R. Maxwell
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, Suite 810
Washington, DC 20015
202-688-3610
trade@mowrygrimson.com
*Counsel to JA Solar Technology Yangzhou Co., Ltd. and Shanghai JA Solar Technology Co., Ltd.*

Dated: September 14, 2026

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................ ii
INTRODUCTION AND SUMMARY OF THE ARGUMENT ........................................ 1
STANDARD OF REVIEW ........................................ 1
ARGUMENT ........................................ 2
CONCLUSION ........................................ 2

# TABLE OF AUTHORITIES

**Cases**

AG der Dillinger Huttenwerke v. United States, 28 CIT 94, 106, 310 F. Supp. 2d 1347, 1358 (2004) ........ 2

Atl. Sugar, Ltd. v. United States, 744 F.2d 1556, 1562-63 (Fed. Cir. 1984) ........ 2

NMB Sing. Ltd. v. United States, 28 CIT 1252, 1260, 341 F. Supp. 2d 1327, 1334 (2004) .......... 1

**Statutes**

19 U.S.C. § 1516a ........ 2

## INTRODUCTION AND SUMMARY OF THE ARGUMENT

Plaintiff-Intervenors and Consolidated-Plaintiffs JA Solar Technology Yangzhou Co., Ltd. and Shanghai JA Solar Technology Co., Ltd. (collectively, "JA Solar"), submit these comments in response to the third remand redetermination filed by the Department of Commerce ("Commerce") in Jinko Solar Import and Export Co., Ltd., et. al v. United States, Consol. Court No. 22-00219, 2026 Ct. Intl. Trade LEXIS 39 at *32 (Ct. Int'l Trade March 30, 2026), Final Results of Redetermination Pursuant to Ct. Remand (August 14, 2026) (Public Document), ECF No. 185 ("Third Final Remand"). In the interests of judicial economy and to avoid unnecessary repetition and duplicative efforts, JA Solar submits these comments to concur with and incorporate by reference all of the arguments presented in remand comments filed by Consolidated Plaintiffs Jinko Solar Import and Export Co., Ltd.; Jinko Solar Co., Ltd.; Jinkosolar Technology (Haining) Co., Ltd.; Yuhuan Jinko Solar Co., Ltd.; Zhejiang Jinko Solar Co., Ltd.; Jiangsu Jinko Tiansheng Solar Co., Ltd.; Jinkosolar (Chuzhou) Co., Ltd.; Jinkosolar (Yiwu) Co., Ltd.; and Jinkosolar (Shangrao) Co., Ltd. Jinko Solar Import and Export Co. Ltd., (collectively, "Jinko"), in their comments and joins in the request that this Court sustain Commerce's remand redetermination recalculating the dumping margin applicable to Jinko and Risen Energy Co., Ltd. ("Risen"), and the separate rate recipients such as JA Solar.

## STANDARD OF REVIEW

The Court reviews remand determinations for compliance with its remand order. See NMB Sing. Ltd. v. United States, 28 CIT 1252, 1260, 341 F. Supp. 2d 1327, 1334 (2004) (affirming on remand where agency determinations were in accordance with law, supported by substantial evidence and otherwise satisfied the remand order). Any factual findings on remand must be supported by substantial evidence and the agency's legal determinations must be in accordance

with law. See 19 U.S.C. § 1516a(b)(1)(B)(i); see also, e.g., AG der Dillinger Huttenwerke v. United States, 28 CIT 94, 106, 310 F. Supp. 2d 1347, 1358 (2004).

Further, the Court must sustain Commerce's factual determinations so long as they are reasonable and supported by the record as a whole, even if some evidence detracts from the agency's conclusions. See Atl. Sugar, Ltd. v. United States, 744 F.2d 1556, 1562-63 (Fed. Cir. 1984) (citation omitted).

## ARGUMENT

JA Solar concurs with and incorporates by reference the comments filed by Jinko on Commerce's Third Final Remand. In particular, JA Solar agrees that Commerce's revised valuation of solar glass and resulting recalculation of the dumping margins are supported by substantial evidence and in accordance with the law. JA Solar further agrees with Commerce's recalculation of JA Solar's separate rate based on the rate applicable to Jinko and Risen.

## CONCLUSION

For the reasons set forth herein and in the comments filed by Jinko, this Court should sustain Commerce's Third Final Remand recalculating the dumping margin applicable to Jinko and Risen and to the separate rate recipients such as JA Solar.

Respectfully submitted,

Dated: September 14, 2026

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Bryan P. Cenko
Savannah R. Maxwell
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, Suite 810
Washington, DC 20015
202-688-3610
trade@mowrygrimson.com
*Counsel to JA Solar Technology Yangzhou Co., Ltd. and Shanghai JA Solar Technology*

## CERTIFICATE OF COMPLIANCE

As required by Paragraph 2 of the Standard Chambers Procedures of the Court of International Trade, I, Jeffrey S. Grimson, hereby certify that this brief complies with the word limitation set forth in Paragraph 2(b) of the Standard Chamber Procedures. Excluding the table of contents, table of authorities, signature block and any certificates of counsel, the word count for this brief is 475 words.

Respectfully submitted,

Dated: September 14, 2026

/s/ Jeffrey S. Grimson
Jeffrey S. Grimson
Mowry & Grimson, PLLC
5335 Wisconsin Avenue, Suite 810
Washington, DC 20015
202-688-3610
trade@mowrygrimson.com
*Counsel to JA Solar Technology Yangzhou Co., Ltd. and Shanghai JA Solar Technology Co., Ltd.*