UNITED STATES COURT OF INTERNATIONAL TRADE
NEW YORK, NEW YORK

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

JINKO SOLAR IMPORT AND EXPORT CO., LTD., *et al.*,

Plaintiffs,

and

JA SOLAR TECHNOLOGY YANGZHOU CO., LTD., *et al.*,

Plaintiff-Intervenors,

v.

UNITED STATES,

Defendant,

and

AMERICAN ALLIANCE FOR SOLAR MANUFACTURING,

Consolidated Defendant-Intervenor.

Consol. Court No. 22-00219

**PLAINTIFF-INTERVENOR BYD (SHANGLUO) INDUSTRIAL CO., LTD.'S COMMENTS ON THIRD REMAND REDETERMINATION**

HOGAN LOVELLS CADWALADER US LLP
Columbia Square Building
555 Thirteenth Street, NW
Washington, DC 20004
Phone: +1.202.637.5600
Fax: +1.202.637.5910

*Counsel to BYD (Shangluo) Industrial Co., Ltd.*

September 14, 2026

**TABLE OF CONTENTS**

I. ARGUMENT .......... 2

A. THE COURT SHOULD AFFIRM COMMERCE'S VALUATION OF GLASS . 2

B. THE COURT SHOULD AFFIRM REVISIONS MADE TO THE SEPARATE RATE CALCULATION CONSISTENT WITH REVISIONS MADE TO THE MANDATORY RESPONDENT RATES .......... 4

II. CONCLUSION .......... 4

**PLAINTIFF-INTERVENOR BYD (SHANGLUO) INDUSTRIAL CO., LTD.'S COMMENTS ON THIRD REMAND REDETERMINATION**

Plaintiff-Intervenor BYD (Shangluo) Industrial Co., Ltd. ("Shangluo BYD") hereby submits the following comments in support of the U.S. Department of Commerce's ("Commerce" or the "Department") Final Results of Redetermination Pursuant to Court Remand (Aug. 13, 2026), Consol. Court No. 22-00219, ECF No. 185 ("*Third Remand Determination*").

The *Third Remand Determination* was issued pursuant to the opinion and order of the Court in this action, *Jinko Solar Import and Export Co., Ltd., et al. v. United States*, Consol. Court No. 22-00219, Slip Op. 26-30 (Ct. Int'l Trade Mar. 30, 2026), ECF No. 180 ("*Third Remand Order*"). The *Third Remand Determination* concerns the final results of the 2019-2020 administrative review of the antidumping order on Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China. *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China*, 87 Fed. Reg. 38379 (Dep't Commerce June 28, 2022) (final results of antidumping duty administrative review and final determination of no shipments; 2019-2020) (P.R. 464), and accompanying Issues and Decision Memorandum (June 21, 2022) (P.R. 455), as amended by *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the People's Republic of China*, 87 Fed. Reg. 48621 (Dep't Commerce Aug. 10, 2022) (amended final results of antidumping duty administrative review; 2019-2020) (P.R. 473) (collectively, "*Final Results*"). 1/ The mandatory respondents selected for individual examination in the review are Plaintiffs Jinko Solar Import and Export Co., Ltd. et al. and certain of its affiliates (collectively, "Jinko") and Consolidated Plaintiff Risen Energy Co., Ltd. ("Risen").

---

1/ "P.R. __" references documents in the initial public record of the administrative review at issue in this case.

## I. ARGUMENT

At issue are two decisions made by Commerce on remand regarding: (1) the valuation of glass; and (2) the rate applicable to separate rate respondents, including Shangluo BYD. In the *Third Remand Determination,* Commerce converted the respondents' glass consumption in kilograms to square meters using Jinko's and Risen's reported CONNUM-specific kilogram per square meter glass conversion factors, valued their glass consumption using import data under Malaysian Harmonized Tariff Schedule ("HTS") subheading 7007.19.90, and recalculated their dumping margins based on these changes. *Third Remand Determination* at 7. As a result of this determination, Commerce revised the dumping margin applicable to separate rate respondents, including Shangluo BYD. *Id.* at 10.

As discussed below, Shangluo BYD supports Commerce's *Third Remand Determination* with respect to the valuation of glass and recalculation of the dumping margin assigned to separate rate respondents, including Shangluo BYD, based on the dumping margins calculated for the mandatory respondents.

Shangluo BYD further supports the comments submitted to the Court on these issues by plaintiff and mandatory respondent Jinko. For purposes of brevity, Shangluo BYD will not repeat those comments. Shangluo BYD instead supports and hereby incorporates those comments by reference. Shangluo BYD also offers the following limited additional comments for the Court's consideration.

### A. THE COURT SHOULD AFFIRM COMMERCE'S VALUATION OF GLASS

In the *Third Remand Order*, the Court found that Commerce's prior valuation of solar glass using Romanian HS code 7007.19.80 was unsupported by substantial evidence. *Third Remand Order* at 26-30. Specifically, the Court held that Commerce failed to reasonably explain why

converting respondents' glass consumption from kilograms to square meters was distortive given that CONNUM-specific glass weight, length, and width data were on the record, and that Commerce could not reasonably rely on the Romanian HS classification to calculate the value of solar glass because record evidence indicated that the Romanian HS category excludes anti-reflective solar glass. The Court remanded Commerce to reconsider its valuation of solar glass. *Id*.

On remand, Commerce reopened the administrative record and obtained CONNUM-specific kilogram per square meter glass conversion factors from Jinko and Risen. Using these CONNUM-specific conversion factors, Commerce converted the respondents' glass consumption in kilograms to glass consumption in square meters, valued their glass consumption using import values under Malaysian HTS subheading 7007.19.90, and recalculated their dumping margins based on these changes. *Third Remand Determination* at 5-7.

Commerce's revised valuation of glass is consistent with the Court's opinion and remand instructions and is supported by substantial evidence on the record. By obtaining and using CONNUM-specific glass conversion factors, Commerce addressed the Court's concerns regarding the unit-of-measure conversion and eliminated the need to rely on the Romanian HS classification that the Court found problematic. For the reasons articulated in the *Third Remand Determination*, Commerce's decision to value solar glass using Malaysian HTS subheading 7007.19.90 based on CONNUM-specific glass conversion factors is supported by substantial evidence and is, indeed, the only reasonable conclusion that Commerce could draw from the evidence. This decision should be affirmed by the Court.

Shangluo BYD also supports and incorporates by reference the additional comments submitted by Jinko with respect to this issue.

### B. THE COURT SHOULD AFFIRM REVISIONS MADE TO THE SEPARATE RATE CALCULATION CONSISTENT WITH REVISIONS MADE TO THE MANDATORY RESPONDENT RATES

Shangluo BYD supports Commerce's determination to reconsider its separate rate calculation given the changes to the mandatory respondents' dumping margins. *Third Remand Determination* at 8-10. The decision to use the revised dumping margins determined for the mandatory respondents to recalculate the dumping margins assigned to the separate rate respondents, including Shangluo BYD, is consistent with the Court's opinion and remand instructions and is supported by substantial evidence on the record. This recalculation should be affirmed by the Court.

## II. CONCLUSION

For the foregoing reasons, and those submitted in Jinko's comments, Shangluo BYD respectfully requests that this Court sustain Commerce's *Third Remand Determination*.

Respectfully submitted,

/s/ Craig A. Lewis
Craig A. Lewis

HOGAN LOVELLS CADWALADER US LLP
Columbia Square Building
555 Thirteenth Street, NW
Washington, DC 20004
Phone: +1.202.637.5600
Fax: +1.202.637.5910
E-mail: craig.lewis@hlc.com

*Counsel to BYD (Shangluo) Industrial Co., Ltd.*

Dated: September 14, 2026

**CERTIFICATE OF COMPLIANCE**

As required by Paragraph 2 of the Standard Chambers Procedures of the Court of International Trade, I, Craig A. Lewis, hereby certify that this brief complies with the word limitations set forth in Paragraph 2(B) of the Standard Chamber Procedures. Excluding the table of contents, table of authorities, and signature block, the word count for this brief is 931 words. This brief thus complies with the Standard Chambers Procedures, which permits responses to the agency's remand determination of 10,000 words or fewer.

Respectfully submitted,

*/s/* Craig A. Lewis
Craig A. Lewis

HOGAN LOVELLS CADWALADER
US LLP
Columbia Square Building
555 Thirteenth Street, NW
Washington, DC 20004
Phone: +1.202.637.5600
Fax: +1.202.637.5910
E-mail: craig.lewis@hlc.com

*Counsel to BYD (Shangluo) Industrial Co., Ltd.*

Dated: September 14, 2026