**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE CLAIRE R. KELLY**

JINKO SOLAR IMPORT AND EXPORT CO., LTD.; JINKO SOLAR CO., LTD.; JINKOSOLAR TECHNOLOGY (HAINING) CO., LTD.; YUHUAN JINKO SOLAR CO., LTD.; ZHEJIANG JINKO SOLAR CO., LTD.; JIANGSU JINKO TIANSHENG SOLAR CO., LTD.; JINKOSOLAR (CHUZHOU) CO., LTD.; JINKOSOLAR (YIWU) CO., LTD.; and JINKOSOLAR (SHANGRAO) CO., LTD.,

Plaintiffs,

v.

UNITED STATES,

Defendant,

and

AMERICAN ALLIANCE FOR SOLAR MANUFACTURING,

Defendant-Intervenor.

Consol. Court No. 22-00219

**PLAINTIFFS' REPLY COMMENTS ON COMMERCE'S THIRD REMAND REDETERMINATION**

Ned H. Marshak
Dharmendra N. Choudhary*
Jordan C. Kahn*

GRUNFELD, DESIDERIO, LEBOWITZ, SILVERMAN & KLESTADT LLP

599 Lexington Ave., 36th Floor
New York, New York 10022
(212) 557-4000
**
*1201 New York Ave., NW, Suite 650
Washington, DC 20005
(202) 783-6881

*Counsel for Plaintiffs Jinko Solar Import and Export Co., Ltd., Jinko Solar Co., Ltd., Jinkosolar Technology (Haining) Co., Ltd., Yuhuan Jinko Solar Co., Ltd., Zhejiang Jinko Solar Co., Ltd., Jiangsu Jinko Tiansheng Solar Co., Ltd., Jinkosolar (Chuzhou) Co., Ltd., Jinkosolar (Yiwu) Co., Ltd., and Jinkosolar (Shangrao) Co., Ltd*

Dated: October 14, 2026

Plaintiffs Jinko Solar Import and Export Co., Ltd., Jinko Solar Co., Ltd., Jinkosolar Technology (Haining) Co., Ltd., Yuhuan Jinko Solar Co., Ltd., Zhejiang Jinko Solar Co., Ltd., Jiangsu Jinko Tiansheng Solar Co., Ltd., Jinkosolar (Chuzhou) Co., Ltd., Jinkosolar (Yiwu) Co., Ltd., and Jinkosolar (Shangrao) Co., Ltd. (collectively, "Jinko") submit reply comments in response to Defendant-Intervenor American Alliance for Solar Manufacturing's (the "Alliance") Comments on the Remand Results (Sept. 14, 2026), ECF 190 ("Alliance CIT Comments"). The Alliance opposes the Final Results of Redetermination Pursuant to Court Remand (Aug.13, 2026), 3PR1, ECF 185 ("Third Remand"), filed by the U.S. Department of Commerce ("Commerce"), in response to this Court's ruling, *Jinko Solar Import and Export Co. v. United States*, 829 F. Supp. 3d 1247 (CIT 2026) ("*Jinko III*"), in the eighth administrative review ("AR8") of the antidumping duty ("ADD") order on crystalline silicon photovoltaic cells, whether or not assembled into modules ("solar cells"), from the People's Republic of China ("China"). As set forth below, the Court should affirm Commerce's Third Remand because: (1) the Alliance's objections are barred by the exhaustion doctrine; and (2) Commerce's Third Remand complies with *Jinko III* and is supported by substantial evidence.

## **BACKGROUND**

Commerce initially in AR8 valued Jinko's solar glass using data from Romanian Harmonized Tariff Schedule ("HTS" or "HS") subheading 7007.19.80. Issues and Decision Memorandum (June 21, 2022), PR455 ("IDM"), Comment 1. Jinko appealed and this Court on three occasions ordered remand concerning such solar glass valuation. *Jinko Solar Import and Export Co. v. United States*, 701 F. Supp. 3d 1367, 1378-83 (CIT 2024); *Jinko Solar Import and Export Co. v. United States*, 789 F. Supp. 3d 1275, 1280-84 (CIT 2025); *Jinko III*, 829 F. Supp. 3d at 1255-56. In its third remand order, this Court rejected Commerce's continued reliance on

Romanian HTS subheading 7007.19.80 data:

> Commerce has not provided an explanation, substantiated by record evidence, that would permit the Court to find its use of the Romanian HTS reasonable. Although the Court has twice remanded this issue for further explanation, Commerce still does not reasonably explain why the plain meaning of "absorbent layer" in the Romanian HTS exclusions does not encompass the solar glass at issue, where record evidence indicates that the glass has a coating that absorbs light. . . . Because the record contains evidence that the Romanian HTS classification excludes anti-reflective solar glass, Commerce cannot reasonably rely on the Romanian HTS to calculate the normal value of Jinko's solar glass. On remand, if necessary, Commerce may reopen the administrative record to obtain additional information needed to select a surrogate value for solar glass.

*Jinko III*, 829 F. Supp. 3d at 1255-56.

In response, Commerce reopened the record and solicited "information needed to select a surrogate value for solar glass." *Id*. Jinko in responding to Commerce's Request for Information ("RFI") provided "CONNUM-specific kilogram per square meter glass conversion factors." Third Remand at 6; Jinko Response to Request for Information (June 25, 2026), 3CR11-27, 3PR9. Based on these data, Commerce issued its draft redetermination preliminarily assigning a 4.76% ADD rate for Jinko in AR8. Draft Results of Redetermination Pursuant to Court Remand (July 28, 2026), 3PR7 ("Draft Third Remand"). Jinko and other parties timely filed comments supporting the Draft Third Remand. Jinko Comments on Third Remand (Aug. 3, 2026), 3PR4.

The Alliance did not file any comments with Commerce concerning the Draft Third Remand. Alliance CIT Comments at 2 n.1; Third Remand at 3, 9-10. Commerce then finalized its Draft Third Remand, without change, assigning Jinko a 4.76% ADD rate. Third Remand at 3-8, 10-11. Jinko thereafter filed comments requesting that this Court affirm the Third Remand. Plaintiffs' Comments on Third Remand (Sept. 14, 2026), ECF 187. The Alliance filed comments in this Court opposing the Third Remand. Petitioner CIT Comments at 1-5.

## STANDARD OF REVIEW

"The court reviews remand determinations for compliance with the court's remand order." *Nakornthai Strip Mill Pub. Co. v. United States*, 32 CIT 1272, 1274 (CIT 2008). This Court must also invalidate a redetermination that is "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). Substantial evidence constitutes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," but it requires "more than a mere scintilla." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477 (1951) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)).

## ARGUMENT

### I. THE ALLIANCE FAILED TO EXHAUST ITS ADMINISTRATIVE REMEDIES

The Alliance did not comment on Commerce's Draft Third Remand, whose results were affirmed, without change, in the final Third Remand. *See* Third Remand at 3, 9-10. Because the Alliance failed to exhaust any challenge that it may have to the Third Remand, it is now precluded from challenging that determination before this Court. *Mittal Steel Point Lisas Ltd. v. United States*, 548 F.3d 1375, 1383-84 (Fed. Cir. 2003); 28 U.S.C. § 2637(d). The Alliance asks this Court to excuse its failure to exhaust because exhaustion would have been futile in light of this Court's decision in *Jinko III*:

> Because the Court . . . left Commerce no choice but to change its valuation methodology for solar glass from the Romanian to the Malaysian HTS category, the Alliance did not submit comments on the third draft remand results that would have been functionally identical to the comments on the second draft remand results on this issue. The Alliance did not deprive Commerce of notice regarding any argument the Alliance made before and reiterates now, and because it would have been futile for Alliance to comment on Commerce's third draft remand results, the Alliance did not fail to exhaust administrative remedies . . . .

Alliance CIT Comments at 2 n.2.

The Alliance is wrong. Exhaustion would not have been futile. This Court did not order Commerce to reopen the record; Commerce exercised its discretion to do so after receipt of permission from the Court. And the Court did not direct Commerce to value glass using the precise methodology ultimately used by Commerce, or to calculate Jinko's margin at a 4.76% rate. The Alliance could have challenged Commerce's Draft Third Remand on multiple points for multiple reasons, but chose to remain silent. Those challenges would not have been futile.

Moreover, this Court takes a strict view of the need to exhaust by presenting arguments to Commerce on draft remands. As this Court recognized in *Vinh Hoan Corp. v. United States*:

> "[T]he Court of International Trade shall, where appropriate, require the exhaustion of administrative remedies." 28 U.S.C. § 2637(d). Exhaustion of administrative remedies is a doctrine that holds "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Consol. Bearings Co. v. United States*, 348 F.3d 997, 1003 (Fed. Cir. 2003). The court generally "takes a 'strict view' of the requirement that parties exhaust their administrative remedies before [Commerce] in trade cases." *Corus Staal BV v. United States*, 502 F.3d 1370, 1379 (Fed. Cir. 2007).
>
> Here, despite the clear opportunity to do so in its comments to Commerce's Draft Remand, Vinh Hoan failed to object to Commerce's determination. *See* Vinh Hoan Comments on Draft Remand. Therefore, the court does not address Vinh Hoan's arguments because it has failed to exhaust its administrative remedies and Commerce's remand redetermination on this issue is sustained.

179 F. Supp. 3d 1208, 1222 (CIT 2016).

This Court has specifically rejected the argument now advanced by the Alliance, that its failure to comment is excused because Commerce was unlikely to agree:

> Providing comments on the draft results would have provided the agency the "opportunity to correct its own mistakes." *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992). Commerce was free to change course "if a sufficiently persuasive showing [were] made" that those results were flawed. *Corus Staal BV v. United States*, 502 F.3d 1370, 1380 (Fed. Cir. 2007) (citing *McCarthy*, 503 U.S. at 147–48). "Even if it [were] unlikely that [the agency] would adopt [Trina's] legal arguments . . . , it was still possible that upon full airing, [the Department] might have accepted" them, "thereby obviating the need for judicial review." *Id.* The court therefore holds that the company failed to exhaust its remedies.

> * * *
>
> "The law helps those who help themselves, generally aids the vigilant, but rarely the sleeping, and never the acquiescent." *Hannan v. Dusch*, 153 S.E. 824, 831 (Va. 1930). Trina's silence in response to the agency's draft results might not have constituted intentional acquiescence, but it certainly amounted to sleeping. Because the company failed to exhaust its administrative remedies, the court sustains the Department's redetermination. A separate judgment will issue. *See* USCIT R. 58(a).

*Trina Solar (Vietnam) Sci. & Tech. Co. v. United States*, No. 23-00228, 2026 WL 755109, at *3 (CIT Mar. 17, 2026) (footnote omitted), *appeal dismissed*, No. 2026-1844, 2026 WL 2676892 (Fed. Cir. Sept. 11, 2026).

This Court has articulated the sound rationale for requiring exhaustion through the submission of comments on draft remand redeterminations:

> The requirement that invocation of exhaustion be 'appropriate,' however, requires that it serve some practical purpose when applied. Inquiry into the purposes served by requiring exhaustion in the particular case, and any harms caused by requiring such exhaustion, is needed to determine appropriateness." *Itochu Bldg. Prods. v. United States*, 733 F.3d 1140, 1145 (Fed. Cir. 2013). . . .
>
> Here, the invocation of exhaustion is appropriate to "protect administrative agency authority and promote judicial efficiency." *Id.* By failing to raise the argument regarding the auditor's note in the remand proceeding, plaintiffs denied Commerce the opportunity to be the "initial decisionmaker" with respect to that issue. *Id.* Further, it would be inappropriate for the court to respond to an argument that Commerce did not have the opportunity to consider on remand. *Id.*

*Ashley Furniture Indus., LLC v. United States*, 750 F. Supp. 3d 1329, 1342 (CIT 2024).

The foregoing precedent confirms that this Court should not consider the Alliance's challenge at this time. "Here, despite the clear opportunity to do so in its comments to Commerce's Draft {Third} Remand, {the Alliance} failed to object to Commerce's determination." *Vinh Hoan*, 179 F. Supp. 3d at 1222. The Alliance's "silence in response to the agency's draft results might not have constituted intentional acquiescence, but it certainly amounted to sleeping." *Trina Solar*, 2026 WL 755109, at *3. "By failing to raise the argument

regarding {glass valuation} in the remand proceeding, {the Alliance} denied Commerce the opportunity to be the 'initial decisionmaker' with respect to that issue." *Ashley Furniture*, 750 F. Supp. 3d 1at 1342 (quoting *Itochu*, 733 F.3d at 1145).

## II. THE THRD REMAND COMPLIES WITH *JINKO III* AND IS SUPPORTED BY SUBSTANTIAL EVIDENCE

There is no dispute that the Third Remand complies with *Jinko III*, which specifically suggested that "Commerce may reopen the administrative record to obtain additional information needed to select a surrogate value for solar glass." *Jinko III*, 829 F. Supp. 3d at 1256. Commerce in fact solicited this information and relied upon it. Third Remand at 3, 7-8. "**The Alliance recognizes that Commerce's third remand results are consistent with the Court's remand order in *Jinko III*.**" Alliance CIT Comments at 5 (emphasis added). This Court should therefore affirm the Third Remand as being "complian{t} with the court's remand order." *Nakornthai*, 32 CIT at 1274.

Moreover, the Jinko RFI response compels affirmance of the Third Remand by comprising the requisite "substantial evidence on the record." 19 U.S.C. § 1516a(b)(1)(B)(i). With this new information, Commerce properly "converted {Jinko's} glass consumption in kilograms to glass consumption in square meters using their reported CONNUM-specific kilogram per square meter glass conversion factors, valued {Jinko's} glass consumption using import values under Malaysia HS code 7007.19.90, and recalculated their dumping margins based on these changes." Third Remand at 7. Given the RFI response, this Third Remand outcome is manifestly supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Universal Camera*, 340 U.S. at 477 (quoting *Consol. Edison*, 305 U.S. at 229. That the Alliance believes that it "**remains preferable**" to maintain the thrice invalidated glass valuation under Romanian HTS subheading 7007.19.80 data does

provide any legal basis on which to order a fourth remand. Alliance CIT Comments at 5 (emphasis added).

**CONCLUSION**

Jinko respectfully requests that this Court affirm the Third Remand, which will constitute a final court decision reversing Commerce's initial valuation of solar glass in the final results of AR8 of the ADD order on solar cells from China.

Respectfully submitted,

*/s/ Jordan C. Kahn*
Ned H. Marshak
Dharmendra N. Choudhary*
Jordan C. Kahn*

GRUNFELD, DESIDERIO, LEBOWITZ,
SILVERMAN & KLESTADT LLP
599 Lexington Ave., 36th Floor
New York, New York 10022
(212) 557-4000
**

*1201 New York Ave., NW, Suite 650
Washington, DC 20005
(202) 783-6881

*Counsel for Plaintiffs Jinko Solar Import and Export Co., Ltd., Jinko Solar Co., Ltd., Jinkosolar Technology (Haining) Co., Ltd., Yuhuan Jinko Solar Co., Ltd., Zhejiang Jinko Solar Co., Ltd., Jiangsu Jinko Tiansheng Solar Co., Ltd., Jinkosolar (Chuzhou) Co., Ltd., Jinkosolar (Yiwu) Co., Ltd., and Jinkosolar (Shangrao) Co., Ltd.*

Dated: October 14, 2026

**CERTIFICATE OF COMPLIANCE**

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this brief complies with the word limitation requirement. The word count for Plaintiffs' Reply Comments on Third Remand, as computed by Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt's word processing system Microsoft Word, is 2,087 words—less than the 9,440 word limit.

/s/ *Jordan C. Kahn*___

*Counsel for Plaintiffs Jinko Solar Import and Export Co., Ltd., Jinko Solar Co., Ltd., Jinkosolar Technology (Haining) Co., Ltd., Yuhuan Jinko Solar Co., Ltd., Zhejiang Jinko Solar Co., Ltd., Jiangsu Jinko Tiansheng Solar Co., Ltd., Jinkosolar (Chuzhou) Co., Ltd., Jinkosolar (Yiwu) Co., Ltd., and Jinkosolar (Shangrao) Co., Ltd.*

Dated: October 14, 2026